**Anthony BOSCH, Appellant,**

v.

**Marshall MOORE, Commissioner,
North Dakota State Department
of Transportation, Appellee.**

**Civ. No. 940021.**

Supreme Court of North Dakota.

June 15, 1994.

Thomas K. Schoppert of Schoppert Law Firm, Minot, for appellant.

Carmen G. Miller, Asst. Atty. Gen., Bismarck, for appellee.

LEVINE, Justice.

Anthony Bosch appeals from a district court judgment affirming the administrative suspension of his driving privileges. Because the officer failed to forward the results of all the blood-alcohol tests conducted on Bosch, we reverse.

Officer Kendall Zeeb arrested Bosch on the University of North Dakota campus on May 16, 1993, for actual physical control. Zeeb conducted an Intoxilyzer breath test and collected a urine sample from Bosch. Zeeb forwarded only the State Toxicologist's analytical report of the urine sample to the Department of Transportation (DOT), having discarded the Intoxilyzer test results because there was a deviation between the two breath samples of more than 0.02%. Zeeb explained that such a deviation invalidated the test results.

Bosch requested an administrative hearing. The hearing officer suspended Bosch's driving privileges for 364 days. Bosch appealed to the district court for Grand Forks County, which affirmed. Bosch now appeals from the district court's judgment.[1]

1. Bosch submitted a reply brief more than four-   teen days after appellee's brief was served and

The dispositive issue on appeal is whether the officer should have submitted to DOT the results of both blood-alcohol tests performed on Bosch.

 Our review of Bosch's appeal is governed by the Administrative Agencies Practice Act, NDCC ch. 28–32, and is limited to the record of the agency. *E.g., McNamara v. Director, N.D. Dep't of Transp.,* 500 N.W.2d 585, 586 (N.D.1993). Of the six statutory factors that govern our review, the relevant one for this appeal is whether the agency's decision is in accordance with the law. *See* NDCC § 28–32–19(1). We hold that it is not and reverse.

Bosch argues that NDCC § 39–20–.03.1(3) requires the officer to submit to DOT the results of all blood-alcohol tests conducted at the officer's direction. DOT answers that the officer need not submit invalid test results.

Section 39–20–03.1(3) says in part:

"[T]he law enforcement officer shall forward to the director a certified copy of the operational checklist and test records of a breath test and a copy of the certified copy of the analytical report for a blood, saliva, or urine test for all tests administered at the direction of the officer."

Section 39–20–03.1(3) establishes the prerequisite for the exercise of DOT's jurisdiction; namely, the certified written reports and test records of all breath, blood, saliva, or urine tests. *Schwind v. Director, N.D. Dep't of Transp.,* 462 N.W.2d 147, 149–51 (N.D.1990). Section 39–20–03.1(3) requires the officer to forward the test records for "all tests" conducted at the officer's direction, regardless of whether the officer judges the results to be invalid. We have said that an administrative agency must follow the basic mandatory provisions of the statute. *See Id.* at 150. The statute's command that all tests be forwarded to DOT is basic and mandatory. It precludes the officer's exercise of choice and requires the transmittal of "all tests." The legislature has made it the hearing officer's domain, not the officer's, to judge the founda-

tional facts for the admissibility of test results and the weight to be given to each of those results. Therefore, we conclude that the officer's failure to submit the Intoxilyzer test records deprived DOT of authority to suspend Bosch's driving privileges.

Reversed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.

---

one day before oral argument, contrary to the requirements of NDRAppP 31(a). Accordingly, we do not consider it.