Timothy John MAHER, Petitioner,
Appellee, and Cross–Appellant,

v.

NORTH DAKOTA DEPARTMENT OF
TRANSPORTATION, Respondent,
Appellant and Cross–Appellee.

Civ. No. 950112.

Supreme Court of North Dakota.

Oct. 31, 1995.

Monte L. Rogneby, Assistant Attorney General, Attorney General's Office, Bismarck, for respondent, appellant, and cross-appellee.

Thomas A. Dickson, Bismarck, for petitioner, appellee, and cross-appellant.

SANDSTROM, Justice.

The Department of Transportation suspended Timothy Maher's driving privileges based on an arrest for driving under the influence of alcohol. Maher appealed. The district court reversed the administrative hearing officer's decision and reinstated Maher's driving privileges. The district court held the evidence was sufficient to establish the test was administered within two hours from the time Maher was driving, however, the officer's failure to submit the initial, empty, blood collection kit caused a fatal jurisdictional flaw in the proceedings warranting reversal. The Department appeals and Maher cross appeals.

We reverse in part holding N.D.C.C. § 39–20–03.1 does not require an officer to forward an open, but empty blood collection kit, and affirm in part holding the evidence was sufficient to establish the blood test, under N.D.C.C. § 39–20–04.1, was administered within two hours of Maher driving the automobile.

I

On October 15, 1994, a North Dakota State Highway Patrol officer observed Maher driving erratically. The officer stopped the car, requested Maher perform several field sobriety tests, and then arrested him for driving under the influence of alcohol. The officer transported Maher to a Mandan hospital for a blood test. A registered nurse opened a blood collection kit provided to the hospital by the Department and took out a "vacutainer" tube. The nurse attempted to draw blood into the vacutainer tube from Maher's right arm. No blood was collected in this initial attempt. The vacutainer and the blood collection kit were discarded. The nurse opened a second kit and collected blood in the second vacutainer. The officer forwarded that kit to the Director of the

Department of Transportation as required by N.D.C.C. § 39–20–03.1(3). A test by a qualified toxicologist revealed the blood had an alcohol concentration of 0.21 percent. Maher timely requested an administrative hearing based on the Department's intent to suspend his driver's license.

At the administrative hearing, Maher objected, on the grounds of hearsay, to the introduction of the officer's statement "the time of the stop, according to state radio, was 1:23 a.m."[1] The hearing officer overruled the hearsay objection.

Maher also argued the Department's failure to forward the initial, empty, blood collection kit divested it of jurisdiction to suspend his license. The hearing officer found Maher's blood was drawn within two hours of driving, Maher's blood-alcohol content was above .10 percent, and forwarding the first empty blood collection kit would have been a "useless and idle gesture." Based on its findings, the hearing officer concluded Maher violated N.D.C.C. § 39–08–01 and suspended his driver's license for 365 days.

Maher appealed the hearing officer's decision to the district court. The district court reversed holding: (1) the evidence was sufficient to confirm the test was administered within two hours of driving based on the additional evidence received by the hearing officer, but (2) the Department's failure to forward the first blood collection kit divested it of jurisdiction to suspend Maher's driver's license.

The Department appeals the decision arguing the district court erred in requiring the officer to forward the empty blood collection kit. Maher cross appeals asserting improper admission of a hearsay statement.

Maher properly requested a hearing under N.D.C.C. § 39–20–05. The appeal from the agency decision to the district court was timely under N.D.C.C. § 39–20–06. The district court had jurisdiction under Art. VI,

1. "State Radio" is a state wide broadcasting system. The North Dakota State Radio System "must be used solely for the transmission of state business and information" under N.D.C.C. § 54–23.2–02. The director of the North Dakota State Radio system is under a duty to "broadcast all police dispatches and reports submitted, which in his opinion have a reasonable relation to or connection with the apprehension of criminals, the prevention of crimes, or the maintenance of peace and order in the state, . . ." N.D.C.C. § 54–23.2–04.

§ 8, N.D. Const., and N.D.C.C. § 28–32–19. The Department's appeal from the district court's decision was timely under N.D.C.C. § 28–32–21. Maher's cross appeal was timely under Rule 4(a), N.D.R.App.P. This Court has jurisdiction under Art. VI, § 2, N.D. Const., and N.D.C.C. § 28–32–21.

## II

■ An appeal from an administrative hearing officer's suspension of a driver's license under N.D.C.C. § 39–20–04.1 is controlled by the Administrative Agencies Practice Act found at N.D.C.C. ch. 28–32. *Hammeren v. North Dakota State Highway Com'r.*, 315 N.W.2d 679, 683 (N.D.1982). This Court reviews the record of the administrative agency as a basis for its decision rather than the district court decision. *Erickson v. Director, N.D. D.O.T.*, 507 N.W.2d 537, 539 (N.D.1993) (citing *Holler v. Dept. of Transp. Director*, 470 N.W.2d 616, 617 (N.D. 1991)). Findings of fact must be supported by a preponderance of the evidence. N.D.C.C. § 28–32–19(5). In determining whether an agency's findings of fact are supported by a preponderance of the evidence, the standard of review is whether a reasoning mind could reasonably have determined that the factual conclusions were supported by the weight of the evidence. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D. 1979), *Knudson v. Dir., N.D. Dept. of Transp.*, 530 N.W.2d 313, 316 (N.D.1995).

## III

On appeal, the director argues the district court erred in finding the officer's failure to forward an empty blood collection kit divested the director of jurisdiction to suspend Maher's license. Section 39–20–03.1(3), N.D.C.C., requires the officer to "forward to the director ... a copy of the certified copy of the analytical report for a blood, saliva, or urine test for all tests administered at the direction of the officer."

■ The interpretation of a statute is a question of law. *Erickson v. Director, N.D. D.O.T.*, 507 N.W.2d 537, 539 (N.D.1993). When an appeal involves a conclusion of law by an administrative agency, the agency's order must be in accordance with the law.

*Bieber v. N.D. Dept. of Transp. Director*, 509 N.W.2d 64, 67 (N.D.1993); N.D.C.C. § 28–32–19(1).

■ Maher argues this Court's decision in *Bosch v. Moore*, 517 N.W.2d 412 (N.D.1994) is controlling. In *Bosch*, the officer directed the administration of breathalyzer and urine tests. Because of a deviation between the breathalyzer test samples of more than 0.02 percent, the officer did not forward those results. We stated the statute precludes an officer from using the officer's discretion to determine which test to forward, and simply requires the forwarding of the test records for all tests. *Bosch* at 413. "The legislature has made it the hearing officer's domain, not the officer's, to judge the foundational facts for the admissibility of test **results** and the weight to be given to each of those **results.** Therefore, we conclude that the officer's failure to submit the Intoxilyzer test records deprived DOT of authority to suspend Bosch's driving privileges." *Bosch* (emphasis added).

The analytical reports for a blood test are the "results" we spoke of in *Bosch.* The hearing officer found no blood had entered the first vacutainer tube. It is impossible to obtain the analytical report of a blood test from a vacutainer tube without any blood in it. Therefore, N.D.C.C. § 39–20–03.1 does not require an officer to forward an opened, empty blood collection kit to the Director of the Department of Transportation. As the hearing officer stated, requiring the officer to forward an opened, yet empty test kit would be a "useless and idle gesture."

## IV

Section 39–20–04.1, N.D.C.C., requires the Director of the Department of Transportation to suspend the driver's license of an individual whose blood-alcohol concentration was at least .10 percent by weight based on a test performed within two hours of driving, or being in actual physical control of the vehicle. The hearing officer found Maher was tested within two hours of driving.

In his cross appeal, Maher argues the properly admissible evidence was insufficient to establish the time of his driving. Maher

contends his objection to the officer's statement, "the time of the stop, according to state radio, was 1:23 a.m." should have been sustained. Maher contends, without the hearsay statement, the evidence was insufficient to establish he was tested within two hours of driving.

"The admissibility of evidence in any proceeding before an administrative agency shall be determined in accordance with the North Dakota Rules of Evidence." N.D.C.C. § 28–32–06(1). Although the statute and case law permit waiver of the Rules in certain circumstances, no waiver occurred here. *See* N.D.C.C. § 28–32–06(1); *Madison v. North Dakota Dept. of Transp.,* 503 N.W.2d 243, 246 (N.D.1993).

■ Generally, this Court reviews evidentiary rulings under an abuse of discretion standard. *Knudson v. Dir., N.D. Dept. of Transp.,* 530 N.W.2d 313, 316 (N.D.1995). Hearing officers, like trial courts, abuse their discretion when they act in an unreasonable, capricious manner, or misapply or misinterpret the law. *Knudson.*

■ The statement "the time of the stop, according to state radio, was 1:23 a.m." is hearsay under Rule 801(c), N.D.R.Evid. Rule 803(1), however, provides a hearsay "statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter" is an exception to the hearsay rule, and may be admitted into evidence. N.D.R.Evid. 803(1).

We recently found a similar statement to fit within the same hearsay exception. In *Knudson,* Officer "A" told Officer "B", over State Radio, that an accident had taken place at 11:54 p.m. *Knudson* at 317. We found "the record indicates that only a few minutes passed between the time [Officer A] heard the accident, and the time he contacted [Officer B] on the radio. We believe that this brief interval nonetheless provides the necessary contemporaneity for admissibility." *Knudson.*

We find the same "contemporaneity" in the statement "the time of the stop, according to state radio, was 1:23 a.m.," as we did in *Knudson.* Accordingly, the statement was properly admitted at trial as a present sense impression exception to the hearsay rule.

■ Additional evidence was received at the hearing, without objection, concerning the time of the driving. While at the hospital, the officer testified he noted, according to his watch, there was still time to perform the test within two hours from the time of Maher's driving. The Department's "Report and Notice Form" was received into evidence. The report becomes a regularly kept record of the Department, and is admissible as prima facie evidence of its contents once it is forwarded to the director of the Department. *Kobilansky v. Liffrig,* 358 N.W.2d 781, 788 (N.D.1984). That report is received as prime facie evidence of its contents without further foundation. N.D.C.C. § 39–20–05(4). The report lists the time of the stop, the arrest, and the test as 1:23, 1:36, and 2:49 A.M., respectively. Both the officer's testimony and the Report and Notice form set the time of Maher's test within two hours after the time he was driving.

Based on the admissible hearsay, and the additional evidence received at the hearing supporting the time of the test, we conclude a reasoning mind could reasonably have found Maher was tested within two hours of the time he was driving.

V

The district court's decision finding sufficient evidence to establish the time of Maher's driving relative to the blood test is affirmed. The district court's decision requiring the officer to submit the initial, empty, blood collection kit is reversed. The hearing officer's decision suspending Maher's license for 365 days is reinstated.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.