**Donald LAMB, Petitioner and Appellant,**

v.

**Marshall MOORE, Director, North Dakota Department of Transportation, Respondent and Appellee.**

Civ. No. 950201.

Supreme Court of North Dakota.

Nov. 30, 1995.

Thomas K. Schoppert of Schoppert Law Firm, Minot, for petitioner and appellant.

Monte L. Rogneby, Assistant Attorney General, Bismarck, for respondent and appellee.

SANDSTROM, Justice.

Donald Lamb was arrested for driving while under the influence of alcohol. His driver's license was administratively suspended by the Director of the Department of Transportation. Lamb appealed the suspension to the district court, claiming the director lost jurisdiction to suspend his license because the arresting officer failed to forward a blank test card used in an attempt to clear the Intoxilyzer for the next test. The district court affirmed the license suspension, and Lamb appeals from that judgment. We affirm.

## I

On December 10, 1994, an officer stopped Lamb's car for speeding on Highway 2. After observing indications of intoxication, the officer had Lamb perform several field sobriety tests. Lamb failed those tests and was arrested for driving under the influence of alcohol. With Lamb's consent, the officer administered an Intoxilyzer test. The testing machine printed the results of the test on a small card. The results showed a blood alcohol content of 0.14 percent. To reset the machine for use by other officers, the officer attempted to insert a second card into the machine. Because of a defect in the second card, the machine would not accept it. Noth-ing was printed on the card by the machine. The officer turned the machine off, and then back on, to reset it for use by other officers. The officer discarded the blank card.

At the hearing, Lamb contended N.D.C.C. § 39–20–03.1(3) required the officer to forward the second, blank card, and his failure to do so deprived the director of jurisdiction to suspend his license. The hearing officer found all aspects of the testing procedure had been performed according to the statute and suspended Lamb's license for 91 days.

Lamb appealed to the district court, again contending the failure to forward the second card to the director was a fatal jurisdictional flaw. The district court affirmed the decision of the hearing officer to suspend Lamb's license for 91 days, stating the second card contained no data, was not a test result, and thus the statute did not require the officer to forward it to the director. Lamb appeals from the decision of the district court.

Lamb made a timely request for a hearing under N.D.C.C. § 39–20–05. The hearing officer had jurisdiction under N.D.C.C. § 39–20–05. The notice of appeal from the administrative agency decision to the district court was properly filed within seven days under N.D.C.C. § 39–20–06. The district court had jurisdiction under N.D.C.C. § 39–20–06. The notice of appeal from the district court judgment is timely under N.D.C.C. § 28–32–21. This Court has jurisdiction under N.D. Const. Art. VI, § 6 and N.D.C.C. § 28–32–21.

## II

An appeal from an administrative hearing officer's suspension of a driver's license under N.D.C.C. § 39–20–04.1 is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Hammeren v. North Dakota State Highway Com'r*, 315 N.W.2d 679, 683 (N.D.1982). This Court reviews the record of the administrative agency as a basis for its decision rather than the district court decision. *Erickson v. Director, N.D. D.O.T.*, 507 N.W.2d 537, 539 (N.D.1993). The interpretation of a statute is a question of law. *Bieber v. N.D. Dept. of Transp. Director*, 509 N.W.2d 64, 67 (N.D.1993). When an appeal involves a conclusion of law

by an administrative agency, the agency's order must be in accordance with the law. *Bieber.*

## III

Lamb contends the officer's failure to forward the second card was contrary to the requirements of the statute and was a fatal jurisdictional flaw, divesting the department of jurisdiction to suspend his license. The statute requires the officer to forward to the director "the test records of a breath test . . . for all tests administered at the direction of the officer." N.D.C.C. § 39–20–03.1(3).

Lamb argues the officer violated the statute as we interpreted it in *Bosch v. Moore,* 517 N.W.2d 412 (N.D.1994). In *Bosch,* we stated an officer could not choose between two separate test results even though, in his opinion, one was invalid. We stated plainly in *Bosch* the statute requires the officer to forward the results of all tests to the director. *Bosch* at 413.

■ In this case, however, the officer did not conduct two separate tests, as was the case in *Bosch.* Nor were the results of the same test printed twice. The officer merely tried to insert a second card, and because of a defect, the card was rejected by the machine. No data was printed on the card by the machine.

We recently noted in *Wingerter v. North Dakota Dept. of Transp.,* 530 N.W.2d 362, 365 (N.D.1995) the distinction in the statutory requirements of breath tests (Intoxilyzer tests) and blood, saliva, and urine tests. We stated in *Wingerter,* while "the statute does not require transmission of all test records of urine, saliva, or blood tests," it does require "all test records for all breath tests administered by the officer must be forwarded to the Department." *Wingerter.*

While the statutory requirements for breath tests are more inclusive, the statute still only requires test *records* to be forwarded, not all documents or articles connected in any way with a breath test. *See* N.D.C.C. § 39–20–03.1(3). The statute does not require, for example, the mouthpiece the driver blows into to be forwarded to the director.

Lamb contends the blank test card is a test record under the statute. Lamb provides no authority to support his contention a blank card, without data, is a "test record" that must be forwarded to the director under the statute. Lamb's interpretation is not supported by our case law. This Court has stated an "[I]ntoxilyzer test record and checklist is a document containing 9 lines that is printed by the Intoxilyzer machine at the conclusion of a breath test." *State v. Meyer,* 494 N.W.2d 364, 365 n. 2 (N.D.1992). Accordingly, the hearing officer's decision is in accordance with the law.

## IV

Lamb contends the department lost jurisdiction to suspend his license because the approved operating procedure was not followed in the administration of the Intoxilyzer test. Specifically, Lamb questions the officer's use of a second card to "clear" the machine for use by other officers. Lamb argues the machine must be cleared according to the approved method.

■ Lamb did not raise this issue at the administrative hearing. His brief here appears to be the first time this error was alleged. "Generally, on appeal from administrative agency decisions, a reviewing court will confine its review to those issues which were raised before the agency." *True v. Heitkamp,* 470 N.W.2d 582, 592 (N.D.1991). Lamb did not raise this issue at the administrative hearing. Therefore, we decline to review it.

## V

The district court judgment affirming the suspension of Lamb's license is affirmed.

VANDE WALLE, C.J., and NEUMANN, LEVINE and MESCHKE, JJ., concur.