Filed 12/2/97 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

1997 ND 227

Darin Larson, Petitioner and Appellant

v.

Marshall Moore, Director,

North Dakota Department of

Transportation, Respondent and Appellee

 

Civil No. 970213

Appeal from the District Court for Mountrail County, Northwest Judicial District, the Honorable Robert W. Holte, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Sandstrom, Justice.

Thomas K. Schoppert, Schoppert Law Firm, Northland Professional Building, 600 22nd Avenue NW, Minot, N.D. 58701, for petitioner and appellant.

Andrew Moraghan, Assistant Attorney General, Attorney General’s Office, 900 East Boulevard Avenue, Bismarck, N.D. 58505-

0041, for respondent and appellee.

Larson v. Moore, Director, N.D.D.O.T.

Civil No. 970213

Sandstrom, Justice.

[¶1] Darin Larson appeals from a district court judgment affirming the administrative suspension of his driver’s license.  Because the officer discarded a blood sample taken from Larson, we reverse and remand.

I

[¶2] Larson was arrested for driving under the influence on December 22, 1996, by a North Dakota Highway Patrol officer.  Larson was transported to the Stanley Hospital, where the officer read Larson the implied consent advisory and asked him to submit to a blood test.  Larson agreed.

[¶3] During the first attempt to obtain a blood sample, the nurse was able to obtain only a small amount of blood.  The first sample was discarded and a second sample was taken.  The second sample was sent to the state toxicologist for testing and upon analysis was found to have an alcohol concentration of .22 percent.

[¶4] The Department of Transportation notified Larson of its intent to suspend his license, and Larson requested an administrative hearing.  The hearing officer suspended Larson’s license for 91 days, and the district court affirmed.

[¶5] The agency hearing was held under N.D.C.C. § 39-20-05.  The appeal to the district court was timely under N.D.C.C. § 39-20-

06.  The district court had jurisdiction under N.D. Const. Art. VI, § 8, and N.D.C.C. §§ 28-32-15 and 39-20-06.  The appeal from the district court was timely under N.D.C.C. § 28-32-21.  This Court has jurisdiction under N.D. Const. Art. VI, § 6, and N.D.C.C. § 28-

32-21.

II

[¶6] This Court’s review of an administrative license suspension is governed by the Administrative Agencies Practice Act.  
See
 N.D.C.C. ch. 28-32; 
Wheeling v. Director, North Dakota Dep’t of Transp.
, 1997 ND 193, ¶5.  We review the record before the agency as the basis for our decision, rather than the district court decision.  
See
 N.D.C.C. §§ 28-32-19, -21; 
Kahl v. Director, North Dakota Dep’t of Transp.
, 1997 ND 147, ¶9, 567 N.W.2d 197.  “Of the six statutory factors that govern our review, the relevant one for this appeal is whether the agency’s decision is in accordance with the law.”  
Bosch v. Moore
, 517 N.W.2d 412, 413 (N.D. 1994) (citing N.D.C.C. § 28-32-19(1)).  The interpretation of a statute is a fully reviewable question of law and “our goal is to ascertain the legislature’s intent.”  
Greenwood v. Moore
, 545 N.W.2d 790, 794 (N.D. 1996).  If the language of the statute is clear and unambiguous, the legislature’s intent is similarly presumed to be clear.  
Greenwood
 at 794.

III

A

[¶7] Larson argues the Department was without jurisdiction to suspend his license, based upon our decision in 
Bosch
 applying N.D.C.C. § 39-20-03.1(3), and he distinguishes the decisions in 
Maher v. North Dakota Dep’t of Transp.
, 539 N.W.2d 300 (N.D. 1995), and 
Wingerter v. North Dakota Dep’t of Transp.
, 530 N.W.2d 362 (N.D. 1995).  The State argues Larson failed to raise and preserve a jurisdictional argument.  We conclude Larson adequately raised the issue, although it was interwoven with his constitutional arguments.
(footnote: 0)
B

[¶8] N.D.C.C. § 39-20-03.1(3) requires “a copy of the certified copy of the analytical report for a blood, saliva, or urine test for 
all
 tests administered at the direction of the officer” (emphasis added).  
See
 
also
 
Maher
 at 302; 
Wingerter
 at 365.  In 
Bosch
 we addressed the application of N.D.C.C. § 39-20-

03.1(3) and stated:

“The statute’s command that all tests be forwarded to DOT is basic and mandatory.  It precludes the officer’s exercise of choice and requires the transmittal of ‘all tests.’  The legislature has made it the hearing officer’s domain, not the officer’s, to judge the foundational facts for the admissibility of test results and the weight to be given to each of those results.”

Bosch
 at 413.  Larson argues the reasoning in 
Bosch
 should be applied to this case because:

“[t]he officer should not be allowed to exercise a choice and determine which of the blood tests should be forwarded. . . .  The experts are at the State Toxicologist’s Office.  Therefore, the determination of which samples and kits are sufficient for analysis should be left up to the State Toxicologist’s office.”

[¶9] At oral argument the State argued the decisions in 
Wingerter
 and 
Maher
 gave the Department jurisdiction when a copy of the certified copy of the analytical report from the second sample was received.  This interpretation is contrary to the plain language of the statute.  The statute clearly requires an analytical report be made and forwarded for each and every test administered.  
See
 
Wingerter
 at 365 (noting the statute “requires transmission of a certified copy of the analytical report for 
each
 test administered” (emphasis added)).  In 
Wingerter
 we stated “[t]here was but one analytical report required . . . .”  
Wingerter
 at 365.  Only one analytical report was required in 
Wingerter
 because only one sample of blood was taken from Wingerter.  
Wingerter
 at 362.

[¶10] In this case, two samples were taken.  The State conceded at oral argument the taking of the blood sample is part of the test process.  As such, the first sample was a “test[] administered at the direction of the officer,” N.D.C.C. § 39-20-03.1(3), and there is no dispute some blood was collected during the first attempt.  
Cf.
 
Maher
 at 302 (“It is impossible to obtain the analytical report of a blood test from a vacutainer tube without any blood in it.”).  The officer was required under N.D.C.C. § 39-20-03.1(3) to forward “a copy of the certified copy of the analytical report” for the first sample.  This was not done, however, because the officer discarded the first sample and no analytical report was made.  Thus, the mandate of N.D.C.C. § 39-20-03.1(3) was not met.  The officer’s failure to submit the first sample for testing to obtain an analytical report as required by N.D.C.C. § 39-20-03.1(3) deprived the Department of authority to suspend Larson’s driver’s license.  Simply put, the officer had no discretion in determining whether an analytical report may be made from a small amount of blood.  
Cf.
 
Bosch
 at 413.

IV

[¶11] Because the hearing officer’s decision is not in accordance with the law, we reverse and remand for disposition consistent with our decision.

[¶12] Dale V. Sandstrom

William A. Neumann

Mary Muehlen Maring

Herbert L. Meschke

Gerald W. VandeWalle, C.J.

FOOTNOTES
0: âしァ  
Larson also raised due process, confrontation, and unreasonable search and seizure issues.  Because we reverse on other grounds, we need not address the constitutional issues raised by Larson.  
See
, 
e.g.
, 
Peterson v. Peterson
, 1997 ND 14, ¶22, 559 N.W.2d 826.