2009 ND 145

**Kyle SCHAAF, Petitioner and Appellee**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellant.**

No. 20090025.

Supreme Court of North Dakota.

July 21, 2009.

Stanley J. Boehm, Boehm Law Office, Bismarck, N.D., for petitioner and appellee.

Michael Trent Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for respondent and appellant.

SANDSTROM, Justice.

[¶ 1]   The Department of Transportation appeals from a district court judgment reversing the Department's decision to suspend Kyle Schaaf's driving privileges for 91 days.   We hold the district court erred in applying the ten-day period for notice of a hearing in N.D.C.C. § 28–32–21(1)(d) to the proceeding to suspend Schaaf's driving privileges.   We reverse the judgment and remand for reinstatement of the Department's decision suspending Schaaf's driving privileges.

I

[¶ 2]   On May 22, 2008, Mandan police received a report of minors drinking in a parking lot.   A police officer approached the parking lot and observed Schaaf, a minor, exiting a motor vehicle in the lot. After a conversation with the officer, Schaaf consented to an S–D2 onsite screening test, which showed he had alcohol in his system.   The officer arrested Schaaf for minor in consumption, and a search of the vehicle revealed two nearly empty beer cans.   Schaaf was driven to the law enforcement center for a blood test, which was submitted to the state crime laboratory for analysis.

[¶ 3]   The result of the blood test indicated Schaaf had a blood alcohol concentration of .03 percent, and on June 15, 2008, Mandan police issued Schaaf a report and notice of intent to suspend Schaaf's driving privileges, and a temporary operator's permit.   The officer forwarded to the Department a certified written report, Schaaf's operator's license, and a certified copy of the operational checklist and the test results for the blood test.   On June 18, 2008, Schaaf requested an administrative hearing on the suspension of his driving privileges, which was received by the Department on June 23, 2008.   By notice dated June 30, 2008, and received by Schaaf on July 1, 2008, the Department notified Schaaf of an administrative hearing scheduled for July 7, 2008.   Schaaf did not object to the notice of hearing until the end of the July 7 hearing, when he claimed he was not afforded ten days' notice before the hearing under N.D.C.C. § 28–32–21. A Department hearing officer suspended Schaaf's driving privileges for 91 days.

[¶ 4]   The district court reversed the Department's decision, concluding the Department failed to provide Schaaf with a notice of hearing ten days before the administrative hearing under N.D.C.C. § 28–32–21(1)(d).   The court said the statutory provision was basic and mandatory and the Department did not have jurisdiction to suspend Schaaf's driving privileges.

[¶ 5]   Schaaf timely requested an administrative hearing under N.D.C.C. § 39–20–05.   The issue here is whether the Department lacked jurisdiction to suspend Schaaf's license because the notice of hearing was served on Schaaf less than ten days before the hearing.   Schaaf's notice of appeal from the Department's decision to the district court was timely under N.D.C.C. § 39–20–06.   The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 39–20–06.   The Department filed a timely notice of appeal from the district court judgment under N.D.C.C. § 28–32–49.   This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–32–49.

II

[¶ 6]   Judicial review of the Department's decision to suspend driving privileges is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32.   *Barros v. North Dakota Dep't of Transp.*, 2008 ND 132, ¶ 7, 751 N.W.2d 261.   The district court, under N.D.C.C. § 28–32–46,   and   this   Court,   under

N.D.C.C. § 28–32–49, must affirm the Department's order unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

[¶ 7] In *Kiecker v. North Dakota Dep't of Transp.*, 2005 ND 23, ¶ 8, 691 N.W.2d 266 (citations omitted), we discussed our standard of review of an administrative agency's decision:

On appeal, courts "must review an appeal from the determination of an administrative agency based only on the record filed with the court." When reviewing an administrative agency's factual findings, "we do not make independent findings of fact or substitute our judgment for that of the agency." We determine only whether a reasoning mind reasonably could have determined that the factual conclusions reached were proved by the weight of the evidence from the entire record. "An agency's decisions on questions of law are fully reviewable."

III

[¶ 8] The Department argues it had jurisdiction to suspend Schaaf's driving privileges, because the ten-day limitation in N.D.C.C. § 28–32–21(1)(d) does not apply to hearings for the suspension of driving privileges under N.D.C.C. ch. 39–20. The Department argues N.D.C.C. § 28–32–21(1)(a)–(h) applies to one type of adjudicative proceeding, a hearing on a complaint against a specific-named respondent, and N.D.C.C. § 28–32–21(3)(a)–(d) applies to adjudicative proceedings that do not involve a hearing on a complaint against a specific-named respondent. The Department essentially argues the provisions of N.D.C.C. § 28–32–21 are incompatible with the procedures and time frames for suspension of driving privileges under N.D.C.C. ch. 39–20. Schaaf responds that he received the notice of hearing on July 1, 2008, only six days before the scheduled hearing on July 7, 2008, and the notice was not timely under N.D.C.C. § 28–32–21(1)(d). He argues the provisions of N.D.C.C. ch. 28–32 were not complied with in this proceeding.

[¶ 9] This Court has recognized that the Department's authority to suspend driving privileges is governed by statute and that the Department must meet basic and mandatory statutory provisions to have authority to suspend driving privileges. *See Brewer v. Ziegler*, 2007 ND 207, ¶¶ 13–16, 743 N.W.2d 391 (report filed by officer with Department under N.D.C.C. § 39–20–03.1(3) included sufficient information to show officer's basis for finding probable cause to arrest driver; driver's assertion Department lacked jurisdiction to suspend license without merit); *Whitecalfe v. North Dakota Dep't of*

*Transp.,* 2007 ND 32, ¶¶ 9–13, 727 N.W.2d 779 (N.D.C.C. § 39–20–04 governs procedures for revoking driving privileges for refusing to submit to chemical testing; statute only requires driver receive temporary operator's permit and does not require officer's statement of probable cause be given to driver with temporary operator's permit); *Jorgensen v. North Dakota Dep't of Transp.,* 2005 ND 80, ¶¶ 7–13, 695 N.W.2d 212 (result of chemical test was basic and mandatory and Department lacked authority to suspend driving privileges because officer failed to record the chemical test result on the copy of the report and notice sent to Department); *Aamodt v. North Dakota Dep't of Transp.,* 2004 ND 134, ¶ ¶ 14–26, 682 N.W.2d 308 (statutory provision requiring arresting officer forward to the director a certified written report showing officer had reasonable grounds to believe person had been driving or was in actual physical control was mandatory; officer's failure to identify reasonable grounds in report to Department deprived Department of jurisdiction to suspend operator's license); *Dworshak v. Moore,* 1998 ND 172, ¶¶ 9–15, 583 N.W.2d 799 (officer's failure to immediately issue driver temporary operator's permit under N.D.C.C. § 39–20–04(1) is not jurisdictional and does not deprive Department of authority to revoke operator's driving privileges); *Larson v. Moore,* 1997 ND 227, ¶¶ 7–10, 571 N.W.2d 151 (officer's failure to submit first blood sample for testing to obtain analytical report as required by N.D.C.C. § 39–20–03.1(3) deprived Department of authority to suspend driver's license); *Lamb v. Moore,* 539 N.W.2d 862, 864 (N.D.1995) (requirement in N.D.C.C. § 39–20–03.1(3) that officer forward to director test records of a breath test for all tests administered at direction of officer did not require officer to forward blank test card used in unsuccessful attempt to clear machine after test); *Wingerter v. North Dakota Dep't of Transp.,* 530 N.W.2d 362, 364–65 (N.D. 1995) (N.D.C.C. § 39–20–03.1(3) distinguishes between breath tests, and blood, urine, and saliva tests; for breath tests, statute requires officer to forward to director certified copy of operational checklist and test records, but for urine, saliva, and blood test, statute requires only certified copy of analytical report by state toxicologist); *Samdahl v. North Dakota Dep't of Transp.,* 518 N.W.2d 714, 716–17 (N.D. 1994) (delay of more than one month in giving of notice of intent to suspend after receiving results of toxicology report under N.D.C.C. § 39–20–03.1 is not jurisdictional); *Bosch v. Moore,* 517 N.W.2d 412, 413 (N.D.1994) (statutory provision requiring officer to forward to Director results of all breath tests was basic and mandatory, and absence of those results in forwarded report deprived Department of authority to suspend operator's license); *Erickson v. Director, North Dakota Dep't of Transp.,* 507 N.W.2d 537, 540–41 (N.D.1993) (N.D.C.C. § 39–20–03.1(3) does not require analytical report be forwarded to director within five days; any ambiguity in jurisdictional requirements of statute construed in favor of purpose of preventing persons from driving under influence); *Ding v. Director, North Dakota Dep't of Transp.,* 484 N.W.2d 496, 500–01 (N.D.1992) (blood test result that was not included on report and notice form when officer signed form but was inserted before form was mailed to director did not deprive Department of jurisdiction to suspend driving privileges); *Schwind v. Director, North Dakota Dep't of Transp.,* 462 N.W.2d 147, 149–51 (N.D. 1990) (failure of officer to forward license to Department under N.D.C.C. § 39–20–03.1 did not deprive Department of jurisdiction to suspend license; prerequisite for Department's jurisdiction is certified written report and test records for either breath, blood, saliva, or urine).

[¶ 10] The issue in this case is whether the ten-day period in N.D.C.C. § 28–32–21(1)(d) is basic and mandatory and applies to the proceeding to suspend Schaaf's driving privileges. The district court held that it is.

[¶ 11] Statutory interpretation is a question of law, fully reviewable on appeal. *In re P.F.*, 2008 ND 37, ¶ 11, 744 N.W.2d 724. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. *See* N.D.C.C. § 1–02–07. If a general provision in a statute is in conflict with a special provision in the same or in another statute, the two must be construed, if possible, so effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable, the special provision must be construed to control over the general provision. N.D.C.C. § 1–02–07.

[¶ 12] Section 28–32–21, N.D.C.C., of the Administrative Agencies Practice Act generally outlines agency procedures for "adjudicative proceedings," which are defined by N.D.C.C. § 28–32–01(1) as "an administrative matter resulting in an agency issuing an order after an opportunity for hearing" and includes "matters involving a hearing on a complaint against a specific-named respondent; a hearing on an application seeking a right, privilege, or an authorization from an agency, such as a ratemaking or licensing hearing; or a hearing on an appeal to an agency."

[¶ 13] Section 28–32–21(1), N.D.C.C., describes procedures for "adjudicative proceedings involving a hearing on a complaint against a specific-named respondent" and requires "a complainant [to] prepare and file a clear and concise complaint with the agency having subject matter jurisdiction of the proceeding." N.D.C.C. § 28–32–21(1)(a). Thereafter, "the appropriate administrative agency shall serve a copy of the complaint upon the respondent . . . at least forty-five days before the hearing on the complaint," and the "agency shall designate the time and place for the hearing and shall serve a copy of the notice of hearing upon the respondent . . . at least twenty days before the hearing on the complaint." N.D.C.C. § 28–32–21(1)(b) and (c). Under N.D.C.C. § 28–32–21(1)(d):

> "A complaint may be served less than forty-five days before the time specified for a hearing on the complaint and a notice of hearing on a complaint may be served less than twenty days before the time specified for hearing if otherwise authorized by statute. However, an administrative hearing regarding the renewal, suspension, or revocation of a license may not be held fewer than ten days after the licensee has been served, personally or by certified mail, with a copy of a notice for hearing with an affidavit, complaint, specification of issues, or other document alleging violations upon which the license hearing is based."

[¶ 14] Under N.D.C.C. § 28–32–21(3), "[i]f the adjudicative proceeding does not involve a hearing on a complaint against a specific-named respondent, the provisions of [N.D.C.C. § 28–32–21(1)] do not apply," and "[u]nless otherwise provided by law, the provisions of [N.D.C.C. § 28–32–21(3)] b through d apply." For adjudicative proceedings under N.D.C.C. § 28–32–21(3), "[t]he administrative agency shall designate the time and place for the hearing and shall serve a copy of the notice of hearing upon all the parties . . . at least twenty days before the hearing." N.D.C.C. § 28–32–21(3)(b). "A hearing under [N.D.C.C. § 28–32–21(3)] may not

be held unless the parties have been properly served with a copy of the notice of hearing as well as a written specification of issues for hearing or other document indicating the issues to be considered and determined at the hearing." N.D.C.C. § 28–32–21(3)(c).

[¶ 15] The plain language of N.D.C.C. § 28–32–21(1) applies to administrative matters in which a complainant initiates an adjudicative proceeding for a hearing on a complaint against a specific-named respondent, while N.D.C.C. § 28–32–21(3) sets out procedures for all other adjudicative proceedings "[u]nless otherwise provided by law."

[¶ 16] In *Morrell v. North Dakota Dep't of Transp.*, 1999 ND 140, ¶ 3, 598 N.W.2d 111, we considered a due process claim in which the notice of hearing stated an operator's driving privileges were subject to suspension for 91 days. After an administrative hearing, the Department suspended the operator's driving privileges for 365 days. *Id.* at ¶ 4. This Court held the notice did not fairly alert the operator that a prior conviction would be considered to enhance the length of his suspension. *Id.* at ¶ 10. We explained:

Due process requires a participant in an administrative proceeding be given notice of the general nature of the questions to be heard, and an opportunity to prepare and be heard on those questions. Notice is sufficient if it informs the party of the nature of the proceedings so there is no unfair surprise. The due process requirements for an administrative hearing are embodied in section 28–32–05(3)(c), N.D.C.C. [currently codified in N.D.C.C. § 28–32–21(3)(c) ]. . . . Basic notions of fundamental fairness also require a person challenging an agency action be adequately informed in advance of the questions to be addressed at the hearing so the person can be prepared to present evidence and arguments on those questions.

1999 ND 140, ¶ 9, 598 N.W.2d 111 (citations omitted).

[¶ 17] *Morrell* involved substantive requirements for the content of a notice of hearing and did not involve the time requirements for a hearing. However, *Morrell* recognized that the language of what is now N.D.C.C. § 28–32–21(3) embodies the due process requirements for a hearing regarding suspension of driving privileges. As relevant to the issue in this case, N.D.C.C. § 28–32–21(3)(a) says that "[u]nless otherwise provided by law, the provisions of [N.D.C.C. § 28–32–21(3) ] b through d apply" to an adjudicative proceeding that does not involve a hearing on a complaint against a specific-named respondent, and N.D.C.C. § 28–32–21(3)(b) requires at least twenty days' notice before a hearing for that type of adjudicative proceeding.

[¶ 18] Chapter 39–20, N.D.C.C., specifically deals with chemical tests for intoxication and implied consent by persons who operate motor vehicles, and as applicable to the procedure for suspension proceedings, N.D.C.C. § 39–20–03.1, provides, in relevant part:

1. The law enforcement officer shall immediately take possession of the person's operator's license if it is then available and shall immediately issue to that person a temporary operator's permit if the person then has valid operating privileges, extending driving privileges for the next twenty-five days, or until earlier terminated by the decision of a hearing officer under section 39–20–05. The law enforcement officer shall sign and note the date on the temporary operator's permit. The temporary operator's permit serves as the director's official notification

to the person of the director's intent to revoke, suspend, or deny driving privileges in this state.

. . . .

3. The law enforcement officer, within five days of the issuance of the temporary operator's permit, shall forward to the director a certified written report in the form required by the director and the person's operator's license taken under subsection 1 or 2. If the person was issued a temporary operator's permit because of the results of a test, the report must show that the officer had reasonable grounds to believe the person had been driving or was in actual physical control of a motor vehicle while in violation of section 39–08–01, or equivalent ordinance, that the person was lawfully arrested, that the person was tested for alcohol concentration under this chapter, and that the results of the test show that the person had an alcohol concentration of at least eight one-hundredths of one percent by weight or, with respect to a person under twenty-one years of age, an alcohol concentration of at least two one-hundredths of one percent by weight. In addition to the operator's license and report, the law enforcement officer shall forward to the director a certified copy of the operational checklist and test records of a breath test and a copy of the certified copy of the analytical report for a blood, saliva, or urine test for all tests administered at the direction of the officer.

[¶ 19] Section 39–20–05, N.D.C.C., outlines the procedure for administrative hearings for suspending or revoking driving privileges and provides, in part:

1. Before issuing an order of suspension, revocation, or denial under section 39–20–04 or 39–20–04.1, the director shall afford that person an opportunity for a hearing if the person mails or communicates by other means authorized by the director a request for the hearing to the director within ten days after the date of issuance of the temporary operator's permit. The hearing must be held within thirty days after the date of issuance of the temporary operator's permit. If no hearing is requested within the time limits in this section, and no affidavit is submitted within the time limits under subsection 2 of section 39–20–04, the expiration of the temporary operator's permit serves as the director's official notification to the person of the revocation, suspension, or denial of driving privileges in this state.

2. If the issue to be determined by the hearing concerns license suspension for operating a motor vehicle while having an alcohol concentration of at least eight one-hundredths of one percent by weight or, with respect to a person under twenty-one years of age, an alcohol concentration of at least two one-hundredths of one percent by weight, the hearing must be before a hearing officer assigned by the director and at a time and place designated by the director. The hearing must be recorded and its scope may cover only the issues of whether the arresting officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of section 39–08–01 or equivalent ordinance or, with respect to a person under twenty-one years of age, the person had been driving or was in actual physical control of a

vehicle while having an alcohol concentration of at least two one-hundredths of one percent by weight; whether the person was placed under arrest, unless the person was under twenty-one years of age and the alcohol concentration was less than eight one-hundredths of one percent by weight, then arrest is not required and is not an issue under any provision of this chapter; whether the person was tested in accordance with section 39–20–01 or 39–20–03 and, if applicable, section 39–20–02; and whether the test results show the person had an alcohol concentration of at least eight one-hundredths of one percent by weight or, with respect to a person under twenty-one years of age, an alcohol concentration of at least two one-hundredths of one percent by weight. For purposes of this section, a copy of a certified copy of an analytical report of a blood, urine, or saliva sample from the director of the state crime laboratory or the director's designee or a certified copy of the checklist and test records from a certified breath test operator establish prima facie the alcohol concentration shown therein. Whether the person was informed that the privilege to drive might be suspended based on the results of the test is not an issue.

. . . .

5. At the close of the hearing, the hearing officer shall notify the person of the hearing officer's findings of fact, conclusions of law, and decision based on the findings and conclusions and shall immediately deliver to the person a copy of the decision. If the hearing officer does not find in favor of the person, the copy of the decision serves as the director's official notification to the person of the revocation, suspension, or denial of driving privileges in this state. If the hearing officer finds, based on a preponderance of the evidence, that the person refused a test under section 39–20–01 or 39–20–14 or that the person had an alcohol concentration of at least eight one-hundredths of one percent by weight or, with respect to a person under twenty-one years of age, an alcohol concentration of at least two one-hundredths of one percent by weight, the hearing officer shall immediately take possession of the person's temporary operator's permit issued under this chapter. If the hearing officer does not find against the person, the hearing officer shall sign, date, and mark on the person's permit an extension of driving privileges for the next twenty days and shall return the permit to the person. The hearing officer shall report the findings, conclusions, and decisions to the director within ten days of the conclusion of the hearing. If the hearing officer has determined in favor of the person, the director shall return the person's operator's license by regular mail to the address on file with the director under section 39–06–20.

[¶ 20] Section 39–20–05, N.D.C.C., specifically includes time frames for hearings for suspension of driving privileges, which along with N.D.C.C. § 39–20–03.1 provide a specific framework for those proceedings. Section 39–20–03.1, N.D.C.C., says that upon receiving the results of a blood test, a law enforcement officer shall issue a temporary operator's permit extending driving privileges for twenty-five days, or until earlier terminated by a hearing officer under N.D.C.C. § 39–20–05. The law

enforcement officer thereafter has five days to forward a certified written report, the operator's license, and the results of all tests to the Department. Under N.D.C.C. § 39–20–05(1), the operator has ten days after issuance of a temporary operator's permit to request a hearing, and the hearing must be held within thirty days after issuance of the temporary operator's permit.

[¶ 21] Proceedings under N.D.C.C. ch. 39–20 do not contemplate a complainant initiating an adjudicative proceeding for a hearing on a complaint against a specific-named respondent within the framework of N.D.C.C. § 28–32–21(1). Rather, an individual facing suspension of driving privileges under N.D.C.C. ch. 39–20 must request a hearing "within ten days after the date of issuance of the temporary operator's permit," and if a timely hearing is not requested, the expiration of the temporary operator's permit serves as notification to the individual of suspension of driving privileges. N.D.C.C. § 39–20–05(1). We conclude the district court erred in deciding the ten-day period in N.D.C.C. § 28–32–21(1)(d) applied to proceedings to suspend driving privileges under N.D.C.C. ch. 39–20.

[¶ 22] Moreover, the twenty-day requirement for notice before a hearing in N.D.C.C. § 28–32–21(3)(b) is not compatible with the expedited time periods for proceedings under N.D.C.C. ch. 39–20. See Greenwood v. Moore, 545 N.W.2d 790, 794–96 (N.D.1996) (discussing expedited procedure for administrative hearing under N.D.C.C. ch. 39–20 and holding hearing may be rescheduled only for "most compelling reasons" under Department's administrative rules). We therefore conclude the general twenty-day period in N.D.C.C. § 28–32–21(3)(b) for notice before a hearing does not apply to the more specific proceedings under N.D.C.C. ch. 39–20, because those specific proceedings are "otherwise provided by law" under N.D.C.C. § 28–32–21(3)(a).

[¶ 23] Due process nevertheless requires notice and an opportunity for a hearing appropriate to the case. See Morrell, 1999 ND 140, ¶ 9, 598 N.W.2d 111; Dworshak, 1998 ND 172, ¶¶ 16–18, 583 N.W.2d 799; Samdahl, 518 N.W.2d at 717; Schwind, 462 N.W.2d at 151. Here, Schaaf received his temporary operator's permit on June 15, 2008, which served as official notification of the director's intent to suspend Schaaf's driving privileges. See N.D.C.C. § 39–20–03.1(1). The police officer forwarded the certified report, Schaaf's operator's license, and the result of Schaaf's blood test to the director as required by N.D.C.C. § 39–20–03.1(3). Schaaf had notice of the Department's intent to suspend his license on June 15, 2008, and he thereafter requested a hearing. On July 1, 2008, Schaaf received notice of the July 7 hearing, and he did not object to the timeliness of the notice until the end of the administrative hearing. We conclude the notice complied with the requirements of N.D.C.C. ch. 39–20 and was reasonable under the circumstances of this case. We therefore conclude the Department had authority to suspend Schaaf's driving privileges.

IV

[¶ 24] We reverse the district court judgment and remand for reinstatement of the Department's order suspending Schaaf's driving privileges.

[¶ 25] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.