774 N.W.2d 645 (2009)
2009 ND 196
Darren Jay LANDSIEDEL, Petitioner and Appellant
v.
DIRECTOR, NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Respondent and Appellee.
Jentry Gordon Neu, Petitioner and Appellant
v.
Director, North Dakota Department of Transportation, Respondent and Appellee.
Nos. 20090056, 20090057.
Supreme Court of North Dakota.
November 17, 2009.
Michael R. Hoffman (argued), Bismarck, ND, for petitioner and appellant.
Michael T. Pitcher (argued) and Andrew Moraghan (on brief), Assistant Attorneys General, Office of Attorney General, Bismarck, ND, for respondent and appellee.
Michael T. Pitcher (argued), Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellee.
*646 KAPSNER, Justice.
[¶ 1] Darren Landsiedel and Jentry Neu separately appealed district court judgments upholding the decisions of the Department of Transportation to suspend their driving privileges for alcohol-related offenses. The Department held telephonic hearings in both cases, to which Landsiedel and Neu objected. We consolidated their appeals to determine whether N.D.C.C. § 39-20-05 permits the Department to conduct telephonic hearings regarding alcohol-related offenses under N.D.C.C. ch. 39-20. We hold the Department failed to conduct these administrative hearings in accordance with the law, reverse the revocation and suspension of Landsiedel and Neu's driver's licenses, and remand the cases for further proceedings consistent with this opinion.

I.
[¶ 2] A McLean County deputy sheriff arrested Landsiedel for driving under the influence of alcohol in June 2008. The Department issued a report and notice to Landsiedel informing him it intended to revoke his driving privileges. Landsiedel requested an administrative hearing under N.D.C.C. § 39-20-05. The Department's hearing officer issued a notice of hearing on June 20, 2008, scheduling the hearing for July 11, 2008 at the McLean County Courthouse. The hearing officer included a handwritten notation at the bottom of the notice stating: "I will be calling the sheriff's office to take testimony telephonically." On June 30, 2008, the hearing officer issued an amended notice of hearing, changing the date of the hearing to July 8, 2008. The amended notice of hearing did not include a notation about telephonic testimony.
[¶ 3] On July 8, 2008, Landsiedel, his counsel, the deputy, and a witness appeared in person at the McLean County Courthouse. The hearing officer telephoned the courthouse from Bismarck. Landsiedel's counsel objected to the hearing officer conducting the hearing by telephone, arguing the hearing officer could not properly judge the credibility of the witnesses over the phone. The hearing officer overruled Landsiedel's objection and revoked his driving privileges for one year. Landsiedel appealed the hearing officer's decision to the district court, which affirmed the revocation.
[¶ 4] In a separate case, a Dickinson police officer arrested Neu in August 2008 for driving while under the influence of alcohol. The Department issued a report and notice to Neu informing him it intended to revoke his driving privileges. Neu requested an administrative hearing under N.D.C.C. § 39-20-05. The Department's hearing officer sent a notice of administrative hearing to Neu, his counsel, and the arresting officer, indicating the hearing officer would hold the hearing by telephone.
[¶ 5] The telephonic hearing was held on August 20, 2008. Neu and the arresting officer appeared from separate telephones in Dickinson, while Neu's counsel and the hearing officer appeared from separate telephones in Bismarck. The hearing officer asked Neu's counsel if he received an email with the exhibits attached, and counsel indicated he had not. The hearing officer offered to postpone the hearing so Neu's counsel could go to the Department's Bismarck office to view the exhibits. Neu's counsel stated he would not go to the office because the Department should have personally provided him with the exhibits. Neu's counsel then objected to the hearing being held by telephone, claiming it substantially prejudiced Neu's right to a fair hearing. The hearing officer overruled the objection and suspended Neu's driving privileges for two years. Neu appealed the hearing officer's *647 decision to the district court, which affirmed the suspension.

II.
[¶ 6] The Department's authority to suspend driving privileges is governed by statute, and the Department must meet basic and mandatory statutory requirements to have the authority to suspend driving privileges. Schaaf v. N.D. Dep't of Transp., 2009 ND 145, ¶ 9, 771 N.W.2d 237. This Court reviews the Department's decision to suspend driving privileges under the Administrative Agencies Practice Act, N.D.C.C. ch. 28-32. Barros v. N.D. Dep't of Transp., 2008 ND 132, ¶ 7, 751 N.W.2d 261. Under N.D.C.C. § 28-32-49, we must affirm the Department's order unless:
1. The order is not in accordance with the law.
2. The order is in violation of the constitutional rights of the appellant.
3. The provisions of this chapter have not been complied with in the proceedings before the agency.
4. The rules or procedure of the agency have not afforded the appellant a fair hearing.
5. The findings of fact made by the agency are not supported by a preponderance of the evidence.
6. The conclusions of law and order of the agency are not supported by its findings of fact.
7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.
8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.
N.D.C.C. § 28-32-46. "An agency's decisions on questions of law are fully reviewable." Kiecker v. N.D. Dep't of Transp., 2005 ND 23, ¶ 8, 691 N.W.2d 266 (quoting Huff v. Bd. of Medical Examiners-Investigative Panel B, 2004 ND 225, ¶ 8, 690 N.W.2d 221).
[¶ 7] In Schaaf, 2009 ND 145, ¶ 11, 771 N.W.2d 237, this Court outlined the rules of statutory interpretation:
Statutory interpretation is a question of law, fully reviewable on appeal. In re P.F., 2008 ND 37, ¶ 11, 744 N.W.2d 724. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. See N.D.C.C. § 1-02-07. If a general provision in a statute is in conflict with a special provision in the same or in another statute, the two must be construed, if possible, so effect may be given to both provisions, but if the conflict between the two provisions is irreconcilable, the special provision must be construed to control over the general provision. N.D.C.C. § 1-02-07.
[¶ 8] Section 39-20-05, N.D.C.C., specifically regulates the Department's conduct of administrative hearings regarding the suspension or revocation of driving privileges for alcohol-related offenses. The statute provides a hearing "must be before a hearing officer assigned by the director and at a time and place designated by the director." N.D.C.C. §§ 39-20-05(2), 39-20-05(3). After the hearing, the hearing officer "shall immediately deliver" a copy of the decision to the driver. N.D.C.C. § 39-20-05(5). If the hearing officer decides to suspend or revoke the driver's license, the hearing officer "shall immediately take possession of the person's *648 temporary operator's permit...." Id. If the hearing officer finds in favor of the driver, the hearing officer "shall sign, date, and mark on the person's permit an extension of driving privileges" and "return the permit to the person." Id. Where a driver "fails to appear at the hearing without justification," the hearing officer "shall, on the date for which the hearing is scheduled, mail to the person, by regular mail... a copy of the decision...." N.D.C.C. § 39-20-05(6). Section 39-20-05, N.D.C.C., does not specifically mention telephones or telephonic hearings.
[¶ 9] The Administrative Agencies Practice Act, N.D.C.C. ch. 28-32, also regulates the Department's conduct of hearings under N.D.C.C. ch. 39-20. Kobilansky v. Liffrig, 358 N.W.2d 781, 786 (N.D. 1984) ("[A]dministrative proceedings conducted by the [Department] pursuant to NDCC Ch. 39-20, the implied consent statutes, are governed by the provisions of NDCC Ch. 28-32, Agnew v. Hjelle, 216 N.W.2d 291, 294 (N.D.1974)...."). Prior to conducting a hearing, an administrative agency "shall designate the time and place for the hearing ... or the parties may agree on a definite time and place for hearing with the consent of the agency having jurisdiction." N.D.C.C. § 28-32-21(c). Section 28-32-35, N.D.C.C., permits administrative agencies to conduct telephonic hearings under certain circumstances:
A hearing may be conducted in total or in part by making use of telephone, television, facsimile services, or other electronic means if each participant in the hearing has an opportunity to participate in, to hear, and, if practicable, to see the entire proceeding while it is taking place, and if such use does not substantially prejudice or infringe on the rights and interests of any party.
The Administrative Agencies Practice Act also requires an administrative hearing officer to conduct hearings in conformity with "any other applicable laws." N.D.C.C. § 28-32-35. Thus, the Department's hearing officers must conduct license-revocation hearings in conformity with the general requirements of N.D.C.C. ch. 28-32, as well as the more specific requirements of N.D.C.C. ch. 39-20.

III.
[¶ 10] Landsiedel and Neu argue N.D.C.C. § 39-20-05 does not permit the Department to conduct telephonic hearings regarding alcohol-related offenses, and the revocation and suspension of their driving privileges should be overturned because the Department violated their right to a fair hearing. The Department argues it did not violate Landsiedel and Neu's right to a fair hearing because N.D.C.C. § 28-32-35 permits telephonic hearings, while N.D.C.C. § 39-20-05 does not prohibit them.
[¶ 11] Section 1-02-02, N.D.C.C., requires this Court interpret statutes "in their ordinary sense, unless a contrary intention plainly appears...." Subsections (2) and (3) of N.D.C.C. § 39-20-05 provide "the hearing must be before a hearing officer assigned by the director and at a time and place designated by the director." Section 39-20-05(5), N.D.C.C., requires the hearing officer "immediately deliver" a copy of the decision to the driver at the end of the hearing. If the hearing officer decides to suspend or revoke the driver's license, the hearing officer "shall immediately take possession of the person's temporary operator's permit." Id. If the hearing officer finds in favor of the driver, the hearing officer "shall sign, date, and mark on the person's permit an extension of driving privileges" and "return the permit to the person." N.D.C.C. § 39-20-05(5). If a driver fails to appear at the hearing, *649 the hearing officer shall mail a copy of the decision to the person. N.D.C.C. § 39-20-05(6).
[¶ 12] An ordinary reading of N.D.C.C. § 39-20-05 demonstrates the Legislature intended for the Department to conduct inperson hearings. By specifically providing for mail delivery where the driver fails to appear at the hearing, but requiring the hearing officer "immediately deliver" the decision where the driver appears, an ordinary reading of the statute demonstrates the Legislature intended for the Department to conduct in-person hearings. Only where the hearing officer and driver are both physically present may the Department give effect to these words. Similarly, a hearing officer cannot "immediately take possession of" or "sign, date, and mark" a driver's temporary permit unless the permit is physically present, which also requires both the hearing officer and the driver to be physically present. We find an ordinary reading of N.D.C.C. § 39-20-05 demonstrates the Legislature intended for the Department to conduct in-person hearings, and the Department cannot unilaterally determine hearings will be conducted telephonically.
[¶ 13] Although N.D.C.C. § 28-32-35 provides agencies "may" conduct telephonic hearings, the statute does not conflict with N.D.C.C. § 39-20-05, which prohibits the Department from unilaterally requiring hearings to be conducted telephonically. In addition to permitting telephonic hearings, N.D.C.C. § 28-32-35 also requires hearing officers "regulate the course of the hearing in conformity with this chapter and ... any other applicable laws...." The Administrative Agencies Practice Act therefore requires that the Department's hearing officers comply with its procedural requirements as well as those embodied in other applicable statutes, including N.D.C.C. § 39-20-05. Because N.D.C.C. § 39-20-05 does not permit the Department to unilaterally determine hearings will be telephonic, N.D.C.C. § 28-32-35 also prohibits the Department from making such determinations. As it is possible to give effect to both statutes, this Court need not determine whether the specific provision, N.D.C.C. § 39-20-05, is an exception to the general provision, N.D.C.C. § 28-32-35, or whether the Legislature intended the general provision to prevail. See N.D.C.C. § 1-02-07 ("[I]f the conflict between the two provisions is irreconcilable the special provision must prevail and must be construed as an exception to the general provision, unless the general provision is enacted later and it is the manifest legislative intent that such general provision shall prevail.").
[¶ 14] Neither Landsiedel or Neu waived his right to an in-person hearing under N.D.C.C. § 39-20-05. Further, the Department did not determine whether the use of telephones substantially prejudiced or infringed upon the parties' rights.

IV.
[¶ 15] We hold the Department failed to conduct these administrative hearings in accordance with the law, reverse the revocation and suspension of Landsiedel and Neu's driver's licenses, and remand the cases for further proceedings consistent with this opinion.
[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.