2007 ND 165

**Kylan Dennis SAYLER, Plaintiff and Appellant**

v.

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Defendant and Appellee.**

**No. 20070101.**

Supreme Court of North Dakota.

Oct. 16, 2007.

Michael Ray Hoffman, Bismarck, N.D., for plaintiff and appellant.

Andrew Moraghan, Assistant Attorney General, Office of Attorney General, Bismarck, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1]   Kylan Sayler appealed from a district court judgment affirming an administrative hearing officer's decision to suspend Sayler's driver's license for two years.  We affirm, concluding the Department of Transportation ("Department") filed the administrative hearing transcript with the district court within 20 days of receiving Sayler's notice of appeal and the police officer properly seized and arrested Sayler for driving under the influence.

I

[¶ 2]   On July 14, 2006, Bismarck police officer Scott Betz was on patrol when he received a dispatch to investigate a citizen's tip regarding a possible drunk driver in a vehicle that was being driven erratically swerving into lanes of on-coming traffic.  The citizen had used a cell phone to call the Bismarck police department, which transferred the call to a 911 operator.  In addition to describing the erratic driving, the citizen described the suspect's vehicle and license plate number, and she followed the vehicle until she observed it pull into a driveway.  The citizen also observed two

police cars arrive at the location and saw the police talking to the driver of the car.

[¶ 3] Officer Betz testified that at the time of the dispatch, he was two seconds away from the street where the suspect vehicle was reportedly located. Officer Betz testified he observed a vehicle just pull into a driveway and no other traffic on the street. Officer Betz also testified he saw a man getting out of the car as he pulled up in his patrol car. Officer Betz testified the vehicle had the same plate numbers dispatch had given out. According to Officer Betz, he then got out of his patrol car and said "Hi" to the man who was then standing in his yard, and the man, later identified as Sayler, responded, "Hi." Officer Betz testified he then asked Sayler if he could speak with him and Sayler responded that he could. Officer Betz testified that during the conversation, Sayler admitted he had just pulled into his driveway and had been drinking that night. Officer Betz described Sayler's eyes as bloodshot and glossy.

[¶ 4] Officer Betz testified Sayler then agreed to take the "horizontal gaze nystagmus" test, which he failed, and Sayler had difficulty following instructions for the "walk and turn" test. Officer Betz testified that at this point, Sayler stated, "I'm drunk." Sayler was arrested for driving under the influence and transported to the police department where Sayler failed an Intoxilyzer test with a .24 percent blood alcohol concentration.

[¶ 5] Officer Betz issued Sayler a Report and Notice form, including a temporary operator's permit. Sayler requested an administrative hearing before the Department. After an August 2006 hearing, an administrative hearing officer issued findings of fact, conclusions of law, and an order suspending Sayler's driving privileges for two years. The district court affirmed the suspension.

II

[¶ 6] This Court's review of a decision to suspend a driver's license is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Gabel v. North Dakota Dep't of Transp.*, 2006 ND 178, ¶ 7, 720 N.W.2d 433. We review the record before the administrative agency and will affirm an agency's decision unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

[¶ 7] On appeal, this Court "review[s] an appeal from the determination of an administrative agency based only on the record filed with the court." N.D.C.C. § 28–32–46. This Court does "not make independent findings of fact or substitute our judgment for that of the agency" when reviewing an administrative agency's factu-

al findings. *Kiecker v. North Dakota Dep't of Transp.*, 2005 ND 23, ¶ 8, 691 N.W.2d 266 (citation omitted). We determine only whether a reasoning mind reasonably could have determined the factual conclusions reached were proved by the weight of the evidence from the entire record. *Power Fuels, Inc. v. Elkin*, 283 N.W.2d 214, 220 (N.D.1979). As such, we give deference to the Department's sound findings, but we will review questions of law de novo. *Gabel*, 2006 ND 178, ¶ 8, 720 N.W.2d 433; *see also Huff v. North Dakota State Bd. of Med. Exam'rs*, 2004 ND 225, ¶ 8, 690 N.W.2d 221 ("An agency's decisions on questions of law are fully reviewable.").

## III

■ [¶ 8] Sayler argues the Department's violation of N.D.C.C. § 39–20–06, by failing to file the administrative hearing transcript within 20 days of receiving Sayler's notice of appeal, requires reversal of his license suspension.

[¶ 9] Section 39–20–06, N.D.C.C., states, in relevant part (emphasis added):

> Within twenty days *after receipt of the notice of appeal*, the director or the hearing officer who rendered the decision shall file in the office of the clerk of court to which the appeal is taken a certified transcript of the testimony and all other proceedings.

This Court has explained the 20–day filing period is not jurisdictional, and a violation does not require automatic summary dismissal of a license suspension decision. *See May v. Sprynczynatyk*, 2005 ND 76, ¶ 15, 695 N.W.2d 196; *Rudolph v. North Dakota Dep't of Transp. Dir.*, 539 N.W.2d 63, 66 (N.D.1995). In *May*, at ¶ 15, this Court concluded reversal of a license suspension was not mandated where the Department had filed the transcript two days late because May had failed to allege or

prove prejudice. The record in that case also did not establish "a persistent pattern of improper conduct by the Department, but merely a single violation." *Id.* at ¶ 18.

[¶ 10] In this case, the hearing officer's decision suspending Sayler's license for two years was issued on August 3, 2006. Sayler's notice of appeal and specifications of error to the district court indicates the notice was mailed to the Department's legal division on August 7, 2006. This notice of appeal was filed with the district court on August 8, 2006. The record indicates the transcript of the administrative hearing, however, was not filed in the district court until October 27, 2006.

[¶ 11] In the district court, Sayler argued his suspension should be reversed based upon the Department's failure to file the transcript within 20 days of receipt of the notice of appeal in violation of N.D.C.C. § 39–20–06. In response to Sayler's argument, the Department submitted an affidavit of a Department administrative assistant, stating the Department did not receive Sayler's notice by mail, but instead only received a copy of the notice by facsimile on October 11, 2006. The affidavit further states that after receiving the notice, the Department prepared the transcript in the same manner as all other transcripts and sent the transcript to both the district court and Sayler's counsel on October 26, 2006. The transcript was ultimately filed in the district court on October 27, 2006.

[¶ 12] In rejecting Sayler's argument, the district court concluded, in part, that Sayler failed to establish he had suffered prejudice as a result of the Department's delay in filing the transcript. On appeal to this Court, Sayler argues a two-month delay in filing the transcript supports a presumption of prejudice and typographical errors make the transcript unreliable. Our resolution of this issue, however, relies

upon the plain language of N.D.C.C. § 39–20–06.

[¶ 13]  Section 39–20–06, N.D.C.C., requires that the director or hearing officer who rendered the decision file a certified transcript "[w]ithin twenty days after receipt of the notice of appeal."  The statute is thus clear that it is the Department's actual receipt of a notice of appeal which commences the 20–day period, rather than some other event such as service or filing the notice of appeal.  The record here reflects the Department actually received the notice of appeal on October 11, 2006, and the administrative transcript was filed in the district court on October 27, 2006.  Based upon these dates, we conclude the Department timely filed the transcript within the 20–day period after receipt of the notice of appeal.

[¶ 14]  We are concerned, however, regarding the number of typographical errors cited by Sayler in the transcript.  Both the district court and this Court on appeal rely upon the accuracy of the transcription of proceedings before the administrative hearing officer.  Although we are concerned with the transcript's errors, none of the errors change the evidence relied upon by the hearing officer in this case.  Furthermore, the record does not establish a systemic disregard of the law or persistent pattern of improper conduct by the Department.  *Cf. May*, 2005 ND 76, ¶ 17, 695 N.W.2d 196; *Madison v. North Dakota Dep't of Transp.*, 503 N.W.2d 243, 246–47 (N.D.1993).

[¶ 15]  We therefore reject Sayler's claim that he is entitled to reversal of the decision suspending his license under N.D.C.C. § 39–20–06.

## IV

[¶ 16]  On appeal, this Court looks to the record before the administrative agency.  *Lee v. North Dakota Dep't of Transp.*, 2004 ND 7, ¶ 7, 673 N.W.2d 245.  Section 39–20–05(2), N.D.C.C., prescribes the issues to be decided at an administrative hearing:

> The hearing ... may cover only the issues of whether the arresting officer had reasonable grounds to believe the person had been driving or was in actual physical control of a vehicle in violation of section 39–08–01 or equivalent ordinance ... whether the person was placed under arrest ... whether the person was tested in accordance with section 39–20–01 or 39–20–03 and, if applicable, section 39–20–02;  and whether the test results show the person had an alcohol concentration of at least eight one-hundredths of one percent by weight.

[¶ 17]  Sayler argues he was subjected to an illegal seizure and arrest.  The Department asserts that Officer Betz's initial conversation with Sayler was not a seizure and that observations after the encounter gave reasonable suspicion or, in the alternative, that Officer Betz received sufficient information from a reliable citizen, providing the requisite suspicion.

[¶ 18]  "All searches and seizures must be reasonable, under the Fourth Amendment of the United States Constitution and Article I, Section 8 of the North Dakota Constitution."  *State v. Haibeck*, 2004 ND 163, ¶ 9, 685 N.W.2d 512.  This Court has defined permissible types of law enforcement-citizen encounters, which include:

> (1) arrests, which must be supported by probable cause; (2) *Terry* stops, *see Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), seizures which must be supported by a reasonable and articulable suspicion of criminal activity; and (3) community caretaking encounters,

which do not constitute Fourth Amendment seizures.

*State v. Olson*, 2007 ND 40, ¶ 9, 729 N.W.2d 132 (quoting *State v. Torkelsen*, 2006 ND 152, ¶ 10, 718 N.W.2d 22). A seizure occurs under the Fourth Amendment "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *City of Jamestown v. Jerome*, 2002 ND 34, ¶ 5, 639 N.W.2d 478.

"Under *Terry*, police may, in appropriate circumstances and in an appropriate manner, detain an individual for investigative purposes when there is no probable cause to make an arrest if a reasonable and articulable suspicion exists that criminal activity is afoot." *Torkelsen*, 2006 ND 152, ¶ 11, 718 N.W.2d 22 (citing *Anderson v. Director, N.D. Dep't of Transp.*, 2005 ND 97, ¶ 8, 696 N.W.2d 918). In reviewing whether an investigative stop is valid, we use an objective standard and look to the "totality of the circumstances." *[State v.] Parizek*, 2004 ND 78, ¶ 9, 678 N.W.2d 154. "The question is whether a reasonable person in the officer's position would be justified by some objective manifestation to suspect the defendant was, or was about to be, engaged in unlawful activity." *Id.*

*Olson*, 2007 ND 40, ¶ 11, 729 N.W.2d 132. In this case, based upon his findings of fact, the hearing officer concluded: "If there was a legal detention of Sayler at all," it was supported by reasonable suspicion that Sayler was driving while impaired. The hearing officer concluded the citizen's information was independently corroborated by the officer, which gave him the right to briefly detain Sayler for further investigation. A citizen informant described erratic driving of crossing into lanes of on-coming traffic and gave the color, make and license number of the vehicle. The citizen followed the vehicle to the point where the police arrived to observe the driver exit the vehicle. The police requested to talk with the driver. The officer had reasonable and articulable suspicion the driver had been driving impaired and sufficient reason to make further inquiry. The driver consented to speak to him.

[¶ 19] Probable cause to arrest a driver for driving under the influence exists if the police officer (1) observes some signs of physical or mental impairment, and (2) has reason to believe the driver's impairment is caused by alcohol. *See Presteng v. Director, N.D. Dep't of Transp.*, 1998 ND 114, ¶ 7, 579 N.W.2d 212; *Baer v. Director, N.D. Dep't of Transp.*, 1997 ND 222, ¶ 11, 571 N.W.2d 829. The hearing officer concluded, "Sayler's admission that he had been driving moments before, had been drinking, his appearance, failure of the HGN, and statement that 'I'm drunk' gave the officer probable cause to arrest Sayler for DUI."

[¶ 20] Based upon our review of the record, we conclude a reasoning mind reasonably could have determined the hearing officer's factual findings were proven by the weight of the evidence from the entire record. Further, regardless of whether Officer Betz's initial conversation with Sayler constituted a seizure for Fourth Amendment purposes, based upon the totality of the circumstances in this record, we conclude Officer Betz had reasonable and articulable suspicion to stop Sayler in his yard to investigate the citizen's report of erratic driving and a possible drunk driver. We further conclude Officer Betz had probable cause to arrest Sayler for driving under the influence.

V

[¶ 21] The district court judgment affirming the administrative hearing officer's decision is affirmed.

[¶ 22]  GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.