2010 ND 211

Brian Michael **MASSET,** Petitioner and Appellant

v.

**DIRECTOR, NORTH DAKOTA DE-PARTMENT OF TRANSPORTA-TION,** Respondent and Appellee.

No. 20100098.

Supreme Court of North Dakota.

Nov. 9, 2010.

Chad Rory McCabe, Bismarck, ND, for petitioner and appellant.

Michael Trent Pitcher, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for respondent and appellee.

CROTHERS, Justice.

¶ 1 Brian Michael Masset appeals the district court's judgment affirming the Department of Transportation's order suspending his driver's license for 180 days. We reverse and remand for creation of the record required by law.

I

¶ 2 Masset was arrested for driving under the influence of an intoxicating liquor on July 4, 2009. On July 22, 2009, Masset requested a hearing regarding the possible suspension or revocation of his operator's license, which the Department held on August 12, 2009. The only witness called at the hearing was arresting officer, Highway Patrol Trooper Jeremiah Bohn. After hearing Officer Bohn's testimony, the hearing officer concluded Masset's blood test results required suspension of Mas-

set's driving privileges, and Masset's operator's license was suspended for 180 days.

¶ 3 Masset petitioned for a reconsideration hearing based on a discrepancy with the times on the Specimen Submitter's Checklists. His petition was granted. The hearing officer conducted a reconsideration hearing on September 16, 2009, and sustained the earlier suspension order after receiving additional testimony from Officer Bohn.

¶ 4 When Masset received the transcript for his appeal, he discovered "the first approximately ten minutes of the administrative hearing were not recorded either because of operator error [hearing officer] or because of a malfunction in the recording equipment." The missing portion of the transcript includes Officer Bohn's direct testimony about the traffic stop and the arrest. The hearing officer wrote a paragraph summarizing the missing testimony and included it in the transcript. It is uncontested that neither party knew about the missing portion of the transcript at the reconsideration hearing.

¶ 5 Masset appealed the Department's order to the district court arguing the Department violated N.D.C.C. §§ 28–32–36 and 28–32–44 because a portion of the recording from the hearing was missing and because the chemical blood test results were improperly admitted. The district court affirmed the Department's order, finding that "the Appellant exercised his right to an administrative hearing and upon discovery of the inadvertent failure to record the beginning of said hearing, was granted a hearing for reconsideration, including the opportunity to present testimony." Masset timely filed this appeal.

II

¶ 6 "When a decision of an administrative agency is appealed from the

district court to this Court, we review the decision of the agency." *Rennich v. N.D. Dep't of Human Servs.*, 2008 ND 171, ¶ 10, 756 N.W.2d 182 (quoting *J.P. v. Stark County Soc. Servs. Bd.*, 2007 ND 140, ¶ 9, 737 N.W.2d 627). "Courts exercise limited review in appeals from administrative agency decisions under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32." *Zimmerman v. N.D. Workforce Safety and Ins. Fund*, 2010 ND 42, ¶ 4, 779 N.W.2d 372. This Court must affirm the agency's order unless:

"1. The order is not in accordance with the law.

"2. The order is in violation of the constitutional rights of the appellant.

"3. The provisions of [N.D.C.C. ch. 28–32] have not been complied with in the proceedings before the agency.

"4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

"5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

"6. The conclusions of law and order of the agency are not supported by its findings of fact.

"7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

"8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28–32–46; *Zimmerman*, at ¶ 4.

### III

¶ 7 Masset argues the Department did not comply with N.D.C.C. §§ 28–32–36 and 28–32–44 because part of the transcript from the hearing is missing from the record. The Department is required to "maintain an official record of each adjudicative proceeding or other administrative proceeding heard by it." N.D.C.C. § 28–32–44(1). The official record includes "[t]he transcript of the hearing prepared for the person presiding at the hearing, including all testimony taken." N.D.C.C. § 28–32–44(4)(h). At an administrative hearing, "[o]ral testimony may be taken by a court reporter, by a stenographer, or by use of an electronic recording device." N.D.C.C. § 28–32–36. An electronic recording device recorded the oral testimony at the hearing, but for an unknown reason the first portion of Officer Bohn's direct testimony was not recorded. Thus, the Department did not comply with ch. 28–32 of the North Dakota Century Code.

¶ 8 The Department argues the error is harmless because Masset has not alleged and cannot show any prejudice resulting from the unavailability of the first portion of the transcript and because the hearing officer's findings are supported by the record. "Ordinarily, absent a showing of prejudice, a statutory violation is not reversible error." *Johnson v. N.D. Workers' Comp. Bureau*, 539 N.W.2d 295, 298 (N.D.1995) (footnote omitted). Examination of the record shows the hearing officer's findings of fact regarding the reasonable and articulable suspicion for the stop, the probable cause for the arrest and the admission of the chemical blood tests are supported by evidence in the record. However, when part of the administrative record is missing, there is no provision for reconstructing the transcript. *See, e.g.*, N.D.R.App.P. 10(f)-(h). That lack of transcript inhibits the non-prevailing party from being able to search the record for possible errors or irregularities in the administrative proceeding.

¶ 9 In *State v. Simpfenderfer*, the record from the administrative hearing on appeal was "incomplete and [ ] much of the evidence which had been given at that hearing was not in the record." 120 N.W.2d 595, 596 (N.D.1963). This Court remanded the case to the administrative agency "for the production of a correct record." *Id.* at 597. We adhere to our ruling in *Simpfenderfer* and reverse and remand this case for the Department to produce a correct record. In doing so, we note the missing portion of the transcript includes all the officer's direct testimony about the reasonable suspicion for the traffic stop and about the probable cause for the arrest. This is not a case where an inaudible word is missing, an inconsequential omission was made or a non-prejudicial error occurred. *See Larson v. N.D. Dept. of Transp.*, 1997 ND 114, ¶ 12, 564 N.W.2d 628 (stating a person asserting an error must prove actual prejudice). On remand, and absent a stipulation otherwise by the parties, the Department must recreate the record through Officer Bohn's testimony which is sufficient in the hearing officer's discretion to replace evidence lost when the original recording failed.

IV

¶ 10 The district court's judgment affirming the Department's order suspending Masset's driving privileges is reversed, and the case is remanded to the Department for creation of the record required by law.

¶ 11 GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.