Filed 3/22/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 55

Eugene Mike Berger, Plaintiff and Appellant

v.

North Dakota Department 

of Transportation, Defendant and Appellee

No. 20100189

Appeal from the District Court of Morton County, South Central Judicial District, the Honorable Donald L. Jorgensen, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Danny Lee Herbel, 3333 East Broadway Avenue, Suite 1205, Bismarck, N.D. 58501, for plaintiff and appellant; submitted on brief.

Michael Trent Pitcher, Assistant Attorney General, Office of Attorney General, 500 North 9th Street, Bismarck, N.D. 58501-4509, for defendant and appellee; submitted on brief.

Berger v. North Dakota Department of Transportation

No. 20100189

Kapsner, Justice.

[¶1] Eugene Berger appealed from a district court judgment affirming the decision of the hearing officer of the North Dakota Department of Transportation suspending

Berger’s driving privileges for two years.  We affirm, concluding the hearing officer did not violate the law or deny Berger his right to a fair hearing or due process when he rescheduled Berger’s administrative hearing.  

I

[¶2] Berger was arrested for driving under the influence of alcohol on January 9, 2010.  Berger requested an administrative hearing, and the hearing was set for March 1, 2010, at 2:30 p.m.  The arresting officer subsequently notified the hearing officer that he was unavailable on that date, so the hearing officer, noting that Berger’s counsel had another hearing scheduled before him on February 23 at 10:00 a.m., rescheduled Berger’s hearing to February 23 at 11:00 a.m.  Berger’s counsel objected in writing to the rescheduling of the hearing because Berger would be unable to attend, but the hearing officer apparently did not receive counsel’s letter until the morning of the February 23 hearing.  

[¶3] Berger’s counsel appeared at the scheduled February 23 hearing, but objected to continuing with the hearing on that date rather than at the original scheduled date and time.  The hearing officer suggested the hearing be rescheduled to February 26, but Berger’s counsel indicated he was in trial that day.  The arresting officer then suggested that he could attend on the original scheduled date, March 1, if the hearing were moved to 8:00 a.m.  Berger’s counsel initially indicated that Berger had taken the entire day off from work on March 1 and would be available at that time but, when asked if he wanted a continuance, he requested that he be allowed to contact Berger over the noon hour to confirm that Berger would be available at 8:00 a.m.  The hearing officer indicated they needed to either proceed immediately with the hearing or reschedule the hearing to 8:00 a.m. on March 1, and he ultimately ordered the hearing continued until 8:00 a.m. on March 1. 

[¶4] Counsel subsequently informed the hearing officer by e-mail that Berger had not taken off work the morning of March 1, and requested that the hearing be reset to its original time of 2:30 p.m.  The hearing officer denied the request and the hearing took place at 8:00 a.m. on March 1.  Berger’s counsel appeared at the hearing, but Berger did not.  Following the hearing, the hearing officer ordered that Berger’s driving privileges be suspended for a period of two years.  Berger appealed to the district court, which affirmed the decision suspending his driving privileges.

II

[¶5] This Court’s review of an administrative decision suspending an individual’s driving privileges is governed by N.D.C.C. ch. 28-32, the Administrative Agencies Practice Act.  
Lange v. North Dakota Dep’t of Transp.
, 2010 ND 201, ¶ 5, 790 N.W.2d 28; 
Landsiedel v. Director, North Dakota Dep’t of Transp.
, 2009 ND 196, ¶ 6, 774 N.W.2d 645.  When a decision of an administrative agency is appealed from the district court to this Court, we review the decision of the agency.  
Masset v. Director, North Dakota Dep’t of Transp.
, 2010 ND 211, ¶ 6, 790 N.W.2d 481.  Courts exercise limited review in appeals from administrative agency decisions, and the agency’s decision is accorded great deference.  
Id.
; 
Lange
, at ¶ 5.  Section 28-32-49, N.D.C.C., directs that this Court review an administrative agency decision in the same manner as the district court under N.D.C.C. § 28-32-46.  
Sample v. North Dakota Dep’t of Transp.
, 2009 ND 198, ¶ 5, 775 N.W.2d 707.  Accordingly, we must affirm the decision of the agency unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency’s rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28-32-46. 

III

[¶6] Berger contends he was entitled to have his hearing held at its originally scheduled time.  He argues that the hearing officer, in rescheduling the hearing, violated N.D.C.C. § 28-32-31(3), which requires that the hearing officer “[a]ssure that all hearings and related proceedings are conducted in a fair and impartial manner.”  He further argues that the rescheduling denied him his right to a fair hearing under the Administrative Agencies Practice Act and violated his right to due process.  

[¶7] The Administrative Agencies Practice Act expressly directs that, in all adjudicative proceedings, “[t]he administrative agency shall designate the time and place for the hearing.”  N.D.C.C. § 28-32-21(1)(c).  Furthermore, the hearing officer has broad discretion to regulate the course of the administrative proceeding.  N.D.C.C. § 28-32-35; 
Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.
, 531 N.W.2d 289, 300 (N.D. 1995); 
Knudson v. Director, North Dakota Dep’t of Transp.
, 530 N.W.2d 313, 316 (N.D. 1995).  A hearing officer in an adjudicative administrative proceeding functions in a quasi-judicial capacity, and shares the broad discretion accorded to judicial officers.  
See
 
Medical Arts Clinic
, at 297, 300; 
Loran v. Iszler
, 373 N.W.2d 870, 876 (N.D. 1985).  Thus, it has been recognized that hearing officers have discretion to control procedural matters such as discovery and admission of evidence.  
See, e.g.
, 
State ex rel. Workforce Safety & Ins. v. Altru Health Sys.
, 2007 ND 38, ¶ 11, 729 N.W.2d 113; 
May v. Sprynczynatyk
, 2005 ND 76, ¶ 24, 695 N.W.2d 196.  Trial courts have broad discretion over the progress and conduct of a trial or hearing, including scheduling and the determination whether to continue a trial or hearing.  
See
 
Hartleib v. Simes
, 2009 ND 205, ¶ 15, 776 N.W.2d 217; 
State v. Ripley
, 2009 ND 105, ¶ 12, 766 N.W.2d 465; 
State v. Schmidkunz
, 2006 ND 192, ¶ 22, 721 N.W.2d 387; 
Peterson v. Zerr
, 443 N.W.2d 293, 297 n.3 (N.D. 1989).  A hearing officer conducting an adjudicative administrative proceeding has the same scope of discretion in conducting the hearing, including scheduling and continuances.  
See
 
Medical Arts Clinic
, at 297, 300.

[¶8] The record in this case demonstrates that the hearing officer made reasonable attempts to accommodate all parties in exercising his discretion to reschedule the hearing.  Under N.D.C.C. § 39-20-05(1), the hearing had to be held within 30 days of the issuance of the temporary operator’s permit, which in this case made March 1 the last possible day to hold the hearing.  When Berger’s counsel appeared at the February 23 hearing and objected to holding the hearing at that time, the hearing officer sought to accommodate the parties and witnesses.  After the hearing officer ruled out other potential dates between February 23 and March 1 because Berger’s counsel had a trial scheduled, the arresting officer indicated he could be available at 8:00 a.m. on March 1.  Berger’s counsel initially indicated that both he and his client would be available that day because Berger had taken that entire day off from work.  When specifically asked by the hearing officer whether he wanted a continuance until March 1 at 8:00 a.m., Berger’s counsel requested to contact his client over the noon hour to confirm that he would be available.  The hearing officer indicated they needed to either proceed immediately with the hearing or reschedule it, and he ultimately ordered the hearing continued to March 1 at 8:00 a.m. 

[¶9] Berger cites no case law or other authority suggesting that a party to an administrative proceeding has a right, under either the Administrative Agencies Practice Act or through the due process clause, to a specific date or time for his scheduled hearing.  Berger had a due process right to notice of the hearing and an opportunity to be heard, 
see, e.g.
, 
Wolfer v. North Dakota Dep’t of Transp.
, 2010 ND 59, ¶ 11, 780 N.W.2d 645, and he received adequate notice and the opportunity to be heard.  He did not, however, have a right to dictate when the hearing would be held.  The tribunal sets the time of the hearing, and the party must arrange his schedule to attend.

[¶10] Nor did Berger submit an affidavit or other admissible evidence explaining why he was unable to attend the hearing at 8:00 a.m. on March 1.  It appears Berger’s counsel sent an e-mail to the hearing officer on February 24 explaining that his client had taken off only the afternoon of March 1, but the e-mail carefully does not say that Berger was unable to take off work the morning of March 1:

In any event, I spoke with my client and he informed me that he had taken off  the afternoon of March 1, 2010, for the hearing.  He did not take off the morning.  Accordingly, he is available the afternoon of March 1.  Please contact me so that we can schedule a hearing for the afternoon of March 1st as originally agreed to.  

Furthermore, this e-mail, although purportedly sent to the hearing officer, is not included in the record of the administrative proceeding but was merely attached as an exhibit to Berger’s brief on appeal to the district court.  
See
 N.D.C.C. § 28-32-46 (court reviewing decision of administrative agency on appeal may consider only the record filed with the court); N.D.C.C. § 28-32-45 (outlining proper procedure to supplement the administrative record on appeal to the district court).  

[¶11] The hearing officer made reasonable attempts to accommodate the parties and rescheduled the hearing to what appeared to be the only time that all parties and witnesses would be available to attend.  The hearing officer did not abuse his discretion in rescheduling the hearing to March 1 at 8:00 a.m., or in refusing Berger’s request to reset the hearing to its original time.  
We conclude the hearing officer’s rescheduling of the hearing did not violate his duties under N.D.C.C. § 28-32-31(3) and did not deny Berger his right to a fair hearing or violate his right to due process.

IV

[¶12] We have considered the remaining issues and arguments raised by the parties and find them to be either unnecessary to our decision or without merit.  The district court judgment affirming the decision of the hearing officer is affirmed.  

[¶13] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.