2012 ND 39

Wade Anthony BAESLER, Plaintiff and Appellant

v.

NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Defendant and Appellee.

No. 20110202.

Supreme Court of North Dakota.

Feb. 17, 2012.

Danny Lee Herbel, Bismarck, N.D., for plaintiff and appellant.

Douglas Bruce Anderson, Office of Attorney General, Bismarck, N.D., for defendant and appellee.

KAPSNER, Justice.

[¶ 1] Wade Baesler appeals from a district court judgment affirming a Department of Transportation order suspending his driving privileges for 180 days. Because the Department failed to transmit a record compiled in the administrative proceedings, there is no evidence to support the Department's exercise of jurisdiction to suspend Baesler's license. We reverse.

I

[¶ 2] According to the Department's hearing officer's decision, on December 24, 2010, the Hettinger County Sheriff's Office issued Baesler a temporary operator's permit based on an alcohol-related traffic offense that occurred in Hettinger County. On January 3, 2011, Baesler requested an administrative hearing on the suspension or revocation of his driving privileges. On January 7, 2011, the hearing officer scheduled the hearing for January 24, 2011. The record indicates Baesler's counsel had requested a different date in emailed correspondence. On the date set for the hearing, neither Baesler nor his attorney attended. The hearing officer issued a decision suspending Baesler's driving privileges for 180 days. The hearing officer found that "[n]either the Petitioner nor his counsel attended the hearing nor contacted the hearing officer about their non-attendance," and concluded "[t]here [was] an adequate basis in the record to warrant suspension of [Baesler's] driving privileges."

[¶ 3] Baesler appealed the Department's decision to the district court, but the Department failed to transmit the record of the administrative proceedings to

the court. Baesler requested the court grant him leave to supplement the record with the correspondence exchanged between the hearing officer and his counsel relating to the scheduling of the administrative hearing. The court granted Baesler's request to supplement the record and affirmed the hearing officer's decision.

II

[¶ 4] This Court's review of an administrative agency decision to suspend a person's driving privileges is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Berger v. North Dakota Dep't of Transp.*, 2011 ND 55, ¶ 5, 795 N.W.2d 707. On appeal from the district court, this Court reviews the agency's decision. *Berger*, at ¶ 5; *Masset v. Director, North Dakota Dep't of Transp.*, 2010 ND 211, ¶ 6, 790 N.W.2d 481. "Courts exercise limited review in appeals from administrative agency decisions, and the agency's decision is accorded great deference." *Berger*, at ¶ 5. We review an administrative agency decision under N.D.C.C. § 28–32–49 in the same manner as the district court under N.D.C.C. § 28–32–46. *Berger*, at ¶ 5. We must affirm the decision of the agency unless:

1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

N.D.C.C. § 28–32–46.

### III

[¶ 5] Baesler argues that the hearing officer's decision is not in accordance with the law; the provisions of chapter 28–32, N.D.C.C., have not been complied with in the proceedings before the agency; the rules of procedure of the agency have not afforded the appellant a fair hearing; and the agency's findings of fact are not supported by a preponderance of the evidence, the conclusions of law are not sustained by the agency's findings of fact, and the agency's decision is not supported by the conclusions of law. Baesler also contends the order is in violation of his constitutional rights because he did not receive due process.

### A

[¶ 6] Baesler mainly argues the hearing officer erred in suspending his driving privileges because there was a conflict in scheduling a mutually acceptable time for the hearing. This Court has recently explained, however, that the hearing officer has broad discretion in setting the hearing:

The Administrative Agencies Practice Act expressly directs that, in all adjudicative proceedings, "[t]he administrative agency shall designate the time and place for the hearing." N.D.C.C. § 28–32–21(1)(c). Furthermore, the hearing officer has broad discretion to regulate the course of the administrative proceeding. N.D.C.C. § 28–32–35; *Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.*, 531 N.W.2d 289, 300 (N.D. 1995); *Knudson v. Director, North Dakota Dep't of Transp.*, 530 N.W.2d 313, 316 (N.D.1995). A hearing officer in an adjudicative administrative proceeding functions in a quasi-judicial capacity, and shares the broad discretion accorded to judicial officers. *See Medical Arts Clinic*, at 297, 300; *Loran v. Iszler*, 373 N.W.2d 870, 876 (N.D.1985). Thus, it has been recognized that hearing officers have discretion to control procedural matters such as discovery and admission of evidence. *See, e.g., State ex rel. Workforce Safety, & Ins. v. Altru Health Sys.*, 2007 ND 38, ¶ 11, 729 N.W.2d 113; *May v. Sprynczynatyk*, 2005 ND 76, ¶ 24, 695 N.W.2d 196. Trial courts have broad discretion over the progress and conduct of a trial or hearing, including scheduling and the determination whether to continue a trial or hearing. *See Hartleib v. Simes*, 2009 ND 205, ¶ 15, 776 N.W.2d 217; *State v. Ripley*, 2009 ND 105, ¶ 12, 766 N.W.2d 465; *State v. Schmidkunz*, 2006 ND 192, ¶ 22, 721 N.W.2d 387; *Peterson v. Zerr*, 443 N.W.2d 293, 297 n. 3 (N.D.1989). A hearing officer conducting an adjudicative administrative proceeding has the same scope of discretion in conducting the hearing, including scheduling and continuances. *See Medical Arts Clinic*, at 297, 300.

*Berger*, 2011 ND 55, ¶ 7, 795 N.W.2d 707.

 [¶ 7] Here, Baesler supplemented the record in the district court with correspondence between his counsel and the hearing officer, showing Baesler and his counsel had over two weeks to make arrangements for purposes of the hearing.

Baesler essentially questions whether the hearing officer, in exercising his broad discretion, made reasonable attempts to accommodate the parties to schedule the hearing. Although Baesler contends that the hearing officer abused his discretion and violated his due process rights in setting the hearing, the record suggests that Baesler's counsel would have had time to associate with another attorney, or at a minimum indicate to the hearing officer that no one would be attending the hearing. Based on our review of the record, as supplemented by Baesler, the hearing officer acted within his discretion in scheduling the hearing, and Baesler and his counsel chose not to attend. The hearing officer did not abuse his discretion in setting the time and place for the hearing.

B

[¶ 8] The dispositive issue in this case is whether the Department established that it had the evidentiary basis to suspend Baesler's driving privileges.

[¶ 9] Baesler argues there is insufficient evidence in the record for the Department to suspend his license, and because there was no evidence offered, admitted, or made part of the record, except the email correspondence between the hearing officer and his counsel, there was no basis to warrant a suspension and the Department's consideration of non-record evidence is not in accordance of law. Baesler relies on N.D.C.C. § 28–32–24(2), which states in part: "No information or evidence except that which has been offered, admitted, and made a part of the official record of the proceeding shall be considered by the administrative agency." The Department responds that Baesler raised this issue on appeal to the district court "only in the context and as consequences of the hearing being held

in his absence" and the court "limited its review to the hearing officer's discretion in scheduling the hearing." The Department contends the hearing officer considered a record, but did not articulate the nature of the evidence in the record. The Department contends that if the hearing officer's decision is insufficient, the appropriate remedy is to remand the case to the Department for a hearing on the merits. Nonetheless, we believe Baesler sufficiently identified the issue in the district court, and we review the hearing officer's decision on appeal.

[¶ 10] We have explained that "the Department's authority to suspend driving privileges is governed by statute and that the Department must meet basic and mandatory statutory provisions to have authority to suspend driving privileges." *Schaaf v. North Dakota Dep't of Transp.*, 2009 ND 145, ¶ 9, 771 N.W.2d 237 (and cases cited therein); *see, e.g., Jorgensen v. North Dakota Dep't of Transp.*, 2005 ND 80, ¶¶ 11–13, 695 N.W.2d 212 (Department lacked authority to suspend driver's license when police officer failed to include the blood alcohol test result in the officer's certified report to the Department because inclusion of test result was basic and mandatory under N.D.C.C. § 39–20–03.1(3)); *Aker v. North Dakota Dep't of Transp.*, 2005 ND 81, ¶ 1, 704 N.W.2d 286 (district court's reversal of a hearing officer's decision to suspend driving privileges summarily affirmed under N.D.R.App.P. 35.1(a)(7) and *Jorgensen*, 2005 ND 80, 695 N.W.2d 212); *Larson v. Moore*, 1997 ND 227, ¶¶ 7–10, 571 N.W.2d 151 (Department lacked authority to suspend when officer failed to submit first blood sample for testing to obtain an analytical report as required under N.D.C.C. § 39–20–03.1(3)); *Bosch v. Moore*, 517 N.W.2d 412, 413 (N.D. 1994) (Department lacked authority to suspend when police officer failed to forward

to the Department all breath tests, which was a basic and mandatory statutory requirement); *cf. Schwind v. Director, North Dakota Dep't of Transp.,* 462 N.W.2d 147, 151 (N.D.1990) ("prerequisite for the exercise of the Director's jurisdiction is the certified written report and test records of either breath, blood, saliva, or urine").

[¶ 11] Chapter 39–20, N.D.C.C., contains the mandatory statutory provisions granting the Department the authority to suspend driving privileges, and "specifically deals with chemical tests for intoxication and implied consent by persons who operate motor vehicles." *Schaaf,* 2009 ND 145, ¶ 18, 771 N.W.2d 237. Section 39–20–05, N.D.C.C., provides the procedure to request a hearing to challenge the suspension of driving privileges. Further, N.D.C.C. § 39–20–05(6) specifically addresses the situation when a person fails to appear at the requested hearing:

> 6. If the person who requested a hearing under this section fails to appear at the hearing without justification, the right to the hearing is waived, and the hearing officer's determination on license revocation, suspension, or denial *will be based on the written request for hearing, law enforcement officer's report, and other evidence as may be available.* The hearing officer shall, on the date for which the hearing is scheduled, mail to the person, by regular mail, at the address on file with the director under section 39–06–20, or at any other address for the person or the person's legal representative supplied in the request for hearing, a copy of the decision which serves as the director's official notification to the person of the revocation, suspension, or denial of driving privileges in this state. Even if the person for whom the hearing is scheduled fails to appear at the hearing, the hearing is deemed to have been held on the date for which it is scheduled for purposes of appeal under section 39–20–06.

(Emphasis added.)

[¶ 12] Section 39–20–06, N.D.C.C., governs judicial review of a hearing officer's decision to suspend, revoke, or deny a driver's license, and provides:

> Any person whose operator's license or privilege has been suspended, revoked, or denied by the decision of the hearing officer under section 39–20–05 may appeal within seven days after the date of the hearing under section 39–20–05 as shown by the date of the hearing officer's decision, section 28–32–42 notwithstanding, by serving on the director and filing a notice of appeal and specifications of error in the district court in the county where the events occurred for which the demand for a test was made, or in the county in which the administrative hearing was held. The court shall set the matter for hearing, and the petitioner shall give twenty days' notice of the hearing to the director and to the hearing officer who rendered the decision. Neither the director nor the court may stay the decision pending decision on appeal. *Within twenty days after receipt of the notice of appeal, the director or the hearing officer who rendered the decision shall file in the office of the clerk of court to which the appeal is taken a certified transcript of the testimony and all other proceedings. It is the record on which the appeal must be determined. No additional evidence may be heard.* The court shall affirm the decision of the director or hearing officer unless it finds the evidence insufficient to warrant the conclusion reached by the director or hearing officer. The court may direct that the matter be

returned to the director or hearing officer for rehearing and the presentation of additional evidence.

(Emphasis added.) *See also* N.D.C.C. § 28–32–44(2) ("the administrative agency concerned shall prepare and file in the office of the clerk of the district court in which the appeal is pending the original or a certified copy of the entire record of proceedings before the agency"). When a person whose license has been suspended appeals a hearing officer's decision to the district court, the Department has a duty to certify the record to the court. The Department has the burden within 20 days of receiving the notice of appeal "to file in the office of the clerk of court to which the appeal is taken a certified transcript of the testimony and all other proceedings." *See* N.D.C.C. § 39–20–06.

■ [¶ 13] Here, the hearing officer's order contains only one finding of fact: "Neither the Petitioner nor his counsel attended the hearing nor contacted the hearing officer about their non-attendance." The order further provides only one conclusion of law: "There is an adequate basis in the record to warrant suspension of Petitioner's driving privileges." Other than stating there is an adequate basis in the record, there is no indication in the record what the hearing officer was relying on to suspend Baesler's license for 180 days. The record includes a February 10, 2011, letter filed from a Department administrative assistant to the clerk of the district court which states: "The Hearing Officer's Decision in the above-noted matter is enclosed for filing. There was no oral record of hearing so no transcript was prepared." The Department did not transmit the administrative proceedings to the district court for purposes of the appeal.

[¶ 14] We have said that the 20–day period to file a transcript under N.D.C.C. § 39–20–06 is not jurisdictional, and a violation does not require automatic summary dismissal of a license suspension decision. *See Sayler v. North Dakota Dep't of Transp.,* 2007 ND 165, ¶ 9, 740 N.W.2d 94; *May v. Sprynczynatyk,* 2005 ND 76, ¶ 15, 695 N.W.2d 196; *see also Rudolph v. North Dakota Dep't of Transp. Dir.,* 539 N.W.2d 63, 66–67 (N.D.1995) (although Department timely filed a transcript, four omitted pages were supplemented two months later; however, 20–day requirement was not jurisdictional; no prejudice resulted from the clerical error, and the appropriate remedy for failure to file a complete hearing transcript usually was to remand until the transcript was provided, not dismissal of the action). For example, in *May,* at ¶ 15, we concluded that reversal of a license suspension decision was not required when the Department had filed the transcript two days late, because May had failed to allege or prove prejudice caused by the two-day delay. We also held the record in that case did not establish "a persistent pattern of improper conduct by the Department, but merely a single violation." *Id.* at ¶ 18.

[¶ 15] In *Sayler,* 2007 ND 165, ¶ 12, 740 N.W.2d 94, we concluded that the Department had in fact timely filed the transcript within the 20–day period after its receipt of the notice of appeal. In that case, although the notice of appeal had been filed with the district court on August 8, 2006, the record indicated the transcript of the administrative hearing was not filed until October 27, 2006. *Id.* at ¶ 10. The Department, however, submitted the affidavit of an administrative assistant, stating the Department did not receive Sayler's notice of appeal by mail, but instead received only a facsimile copy on October 11, 2006. *Id.* at ¶ 11. We therefore concluded the filing of the transcript was timely and rejected Sayler's claim that he was entitled

to reversal of the hearing officer's decision suspending his license. *Id.* at ¶ 15. Additionally, in *Masset,* 2010 ND 211, ¶¶ 7–9, 790 N.W.2d 481, we reversed the Department's suspension of driving privileges because part of the transcript was missing from the record, when a portion of a police officer's direct testimony was not recorded. Although we reversed the Department's decision, we remanded for the Department to recreate the record through the police officer's testimony to replace the evidence lost when the original recording failed. *Id.* at ¶ 9.

[¶ 16] *Masset, Sayler,* and *May* differ from this case because the records on appeal established the Department had authority over the suspension proceedings. Here, however, no record was certified to the district court, other than the hearing officer's decision. On February 10, 2011, the Department "certified" to the district court that "[t]here was no oral record of hearing so no transcript was prepared." The record in the district court is devoid of any other documentation relating to the hearing. There is no police officer's report or other evidence, nor are there any test results. Simply put, there is no evidence in the record to support the hearing officer's decision to suspend Baesler's license.

[¶ 17] Although the hearing officer did not abuse his discretion in setting the hearing date, the Department failed to certify a record on appeal to the district court, and there is no record on appeal establishing the Department's authority under N.D.C.C. §§ 39–20–03.1 and 39–20–04.1 to suspend Baesler's driving privileges. Chapter 39–20, N.D.C.C., requires the Department to make a record and certify a record to the court for judicial review. This record certified on appeal must also establish the Department's authority to suspend a person's driving privileges. Because no record was transmitted

in this case, there is a lack of evidence to support the Department's exercise of jurisdiction. Further, because there is nothing in the record on appeal establishing the Department's jurisdiction, remand is not an appropriate remedy. Accordingly, we reverse the district court's judgment affirming the suspension of Baesler's driving privileges.

## IV

[¶ 18] The judgment is reversed.

[¶ 19] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, DALE V. SANDSTROM and MARY MUEHLEN MARING, JJ., concur.

DANIEL J. CROTHERS concurs in the result.