2015 ND 298

**Neil Christopher BAYLES, Appellee**

**v.**

**NORTH DAKOTA DEPARTMENT OF TRANSPORTATION, Appellant.**

**No. 20150200.**

Supreme Court of North Dakota.

Dec. 22, 2015.

Douglas Bruce Anderson, Assistant Attorney General, Office of Attorney General, Bismarck, ND, for appellant.

Danny Lee Herbel, Bismarck, ND, for appellee.

McEVERS, Justice.

[¶ 1] The North Dakota Department of Transportation appeals from a district court judgment reversing the administrative hearing officer's decision suspending Neil Bayles' driving privilege for ninety-one days because the Department failed to timely file the hearing transcript within the twenty-day period under N.D.C.C. § 39–20–06. We reverse, concluding the district court erred as a matter of law by summarily reversing the hearing officer's decision based on statutory noncompliance and because Bayles failed to show prejudice caused by the claimed delay or demonstrate the Department systemically disregarded the requirements of the law. We remand with instructions for the district court to consider Bayles' appeal on the merits.

I

[¶ 2] On October 9, 2014, Bayles was arrested and charged with driving under the influence. He timely requested an administrative hearing. On November 10, 2014, an administrative hearing officer suspended Bayles'. driving privileges for ninety-one days. On November 17, 2014, Bayles filed with the district court a notice of appeal, specifications of error, and certificate of service certifying he mailed the filings to the Department. On January 6, 2015, Bayles' counsel emailed the Department asking about the status of the administrative hearing transcript. The Department responded they did not receive Bayles' notice of appeal. On January 7, 2015, Bayles' counsel emailed the Department the documents filed in the district court. On January 21, 2015, the district court's calendar control clerk notified the parties by letter stating the district court had not received the record, and the case would be reviewed on February 17, 2015. On January 26, 2015, the Department filed the transcript with the district court. No notice of hearing was provided to the Department by Bayles. Bayles filed a motion titled "Request to Grant Appeal," requesting the district court to reverse the hearing officer's decision. In Bayles' reply to the Department's response to the motion, Bayles requested reversal as a sanction for the Department's "institutional noncompliance and systemic disregard of the law" evidenced by the Department's failure to timely file transcripts on four other unrelated matters. No affidavit or other evidence was offered to the district court in support of Bayles' request. Bayles did not request a hearing on his "Request to Grant Appeal."

[¶ 3] The Department responded to Bayles' request, arguing the Department complied with the calendar control clerk's request to file the administrative record by February 17, 2015. The Department further argued the twenty-day period to file a transcript under N.D.C.C. § 39–20–06 is not jurisdictional and a violation does not require automatic dismissal. The Department also claimed a legitimate dispute of fact existed as to when Bayles served his notice of appeal on the Department.

[¶ 4] The district court summarily reversed the hearing officer's decision, without reaching the merits and restored Bayles' driving privileges, on the basis that "the transcript of the testimony of Bayles' . . . administrative hearing was not filed with the district court within the time period specified by N.D.C.C. § 39–20–06." The Department appeals.

II

[¶ 5] This Court's review of an administrative agency decision to suspend a person's driving privileges is governed by the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32. *Berger v. N.D. Dep't of Transp.*, 2011 ND 55, ¶ 5, 795

N.W.2d 707. Generally, on appeal from the district court, this Court reviews the agency's decision. *Berger*, at ¶ 5; *Masset v. N.D. Dep't of Transp.*, 2010 ND 211, ¶ 6, 790 N.W.2d 481. "Courts exercise limited review in appeals from administrative agency decisions, and the agency's decision is accorded great deference." *Berger*, at ¶ 5. We review an administrative agency decision under N.D.C.C. § 28–32–49 in the same manner as the district court under N.D.C.C. § 28–32–46. *Berger*, at ¶ 5. Section 28–32–46, N.D.C.C., provides in part:

 [T]he court must affirm the order of the agency unless it finds that any of the following are present:

 1. The order is not in accordance with the law.

 2. The order is in violation of the constitutional rights of the appellant.

 3. The provisions of this chapter have not been complied with in the proceedings before the agency.

 4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

 5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

 6. The conclusions of law and order of the agency are not supported by its findings of fact.

 7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

 8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge.

The district court did not reverse for any reason set forth in N.D.C.C. § 28–32–46. Rather, the only analysis provided reflects the district court reversed on the basis that the transcript was not filed within the time frame specified by N.D.C.C. § 39–20–06, as the sanction or remedy for the alleged statutory violation as requested by Bayles. The district court's analysis in an administrative appeal, if sound, is entitled to respect. *Dettler v. Sprynczynatyk*, 2004 ND 54, ¶ 10, 676 N.W.2d 799. Whether facts meet a legal standard is a question of law fully reviewable on appeal. *Id.*

[¶ 6] The Department argues the district court erred by reversing the hearing officer's decision suspending Bayles' driving privileges for ninety-one days on the grounds the Department failed to timely file the transcript under N.D.C.C. § 39–20–06. According to the Department, Bayles failed to prove prejudice by the delay in filing the transcript and failed to demonstrate a systemic disregard of the law. Further, the Department argues it has demonstrated it filed the transcript within twenty days of receipt of Bayles' notice of appeal.

### A

[¶ 7] The only basis for reversal provided by the district court was the Department's failure to file the transcript within the statutory time frame specified in N.D.C.C. § 39–20–06. Section 39–20–06, N.D.C.C., provides in part:

 The court shall set the matter for hearing, and the petitioner shall give twenty days' notice of the hearing to the director and to the hearing officer who rendered the decision. Neither the director nor the court may stay the decision pending decision on appeal. Within twenty days after receipt of the notice of appeal, the director or the hearing officer who rendered the decision shall file in the office of the clerk of court to which the appeal is taken a certified

transcript of the testimony and all other proceedings..... The court shall affirm the decision of the director or hearing officer unless it finds the evidence insufficient to warrant the conclusion reached by the director or hearing officer.

"This Court has explained the 20–day filing period is not jurisdictional, and a violation does not require automatic summary dismissal of a license suspension decision." *Sayler v. N.D. Dep't of Transp.*, 2007 ND 165, ¶ 9, 740 N.W.2d 94. Bayles concedes that noncompliance with N.D.C.C. § 39–20–06 does not require automatic reversal. The district court erred as a matter of law for reversing the hearing officer's decision when the only basis provided was failure to file the transcript within the statutory period.

**B**

[¶ 8] Bayles argues the Department systemically disregarded the requirements of the law by failing to file the hearing transcript with the district court within the twenty-day period under N.D.C.C. § 39–20–06. We disagree.

[¶ 9] To warrant a reversal based on noncompliance with the twenty-day filing period, a defendant must show either prejudice caused by the delay or the Department systemically disregarded the requirements of the law. *See May v. Sprynczynatyk*, 2005 ND 76, ¶¶ 15, 17–18, 695 N.W.2d 196 ("When a governmental agency systemically disregards the requirements of the law, a court may reverse a decision in favor of the government to prophylactically ensure that the government acts consistently and predictably in accordance with the law."). "To establish a systemic disregard, a party must demonstrate some persistent pattern of improper

agency conduct, and more than a single miscue by the government is required to evidence institutional noncompliance which amounts to systemic disregard of the law." *Id.* at ¶ 17. "Reversal for conduct which is merely potentially prejudicial, without a showing of actual prejudice, may be warranted as a sanction for institutional noncompliance and systemic disregard of the law if the conduct is commonplace." *Id.*

[¶ 10] Bayles relies on *Madison v. N.D. Dep't of Transp.*, 503 N.W.2d 243 (N.D.1993), as support to show the Department systemically disregarded the requirements of the law. In *Madison*, we explained that the North Dakota Legislative Assembly had amended N.D.C.C. § 28–32–06 [1] to require the application of the rules of evidence in administrative proceedings. 503 N.W.2d at 246. However, the Department continued using a "Notice of Administrative Hearing" form that contained a blanket waiver of the use of the Rules of Evidence in administrative hearing proceedings. *Id.* at 244–45. This Court stated:

[T]he Department obviously has misread or ignored the amended statute. Its Notice of Hearing form contains a preprinted, blanket waiver of the Rules of Evidence, contrary to Section 28–32–06, NDCC, as amended. The hearing officer perpetuated the institutional noncompliance when she refused to apply the Rules of Evidence simply because the Notice of Hearing form had, as part of its standard language, waived the Rules.... Moreover, the Department has continued to waive the Rules of Evidence despite district court instructions to the contrary.

---

1. Since our decision in *Madison v. N.D. Dep't of Transp.*, 503 N.W.2d 243 (N.D.1993), the statutory language under N.D.C.C. § 28–32– 06 (1991) has been relocated and is now codified under N.D.C.C. § 28–32–24(1).

*Id.* at 246. This Court concluded, "[T]he interests of justice require a reversal, not only to resolve for the Department the statute's meaning and effect, but more importantly, to ensure that the Department acts consistently and predicably in accordance with the law." *Id.* at 247.

[¶ 11] The present case is distinguishable from *Madison.* In *Madison,* the Department issued forms that continued to waive the use of the Rules of Evidence in every administrative hearing proceeding after the statute was amended in 1991 through July 1993, in violation of N.D.C.C. § 28–32–06 (1991). Here, Bayles alleges five Department violations of N.D.C.C. § 39–20–06 over the course of twenty years also rises to the level of a systemic disregard for the requirements of the law. To support his allegation, Bayles relies on *Baesler v. N.D. Dep't of Transp.,* 2012 ND 39, ¶ 3, 812 N.W.2d 434; *Sayler,* 2007 ND 165, ¶ 8, 740 N.W.2d 94; *May,* 2005 ND 76, ¶ 8, 695 N.W.2d 196; and *Rudolph v. N.D. Dep't of Transp.,* 539 N.W.2d 63, 65 (N.D.1995).

[¶ 12] After reviewing the cases Bayles cites, the only instance in which we determined that the Department untimely filed a transcript under N.D.C.C. § 39–20–06 was in *May.* In *May,* the Department conceded it filed the transcript two days late. *May,* at ¶ 8. We concluded that "[t]he record in this case does not establish a persistent pattern of improper conduct by the Department, but merely a single violation." *Id.* at ¶ 18. In *Sayler,* we concluded the "Department timely filed the transcript within the 20–day period after receipt of the notice of appeal." *Sayler,* at ¶ 13. In *Baesler,* no record was certified to the district court, other than the hearing officer's decision because "[t]here was no oral record of hearing so no transcript was prepared." *Baesler,* at ¶ 16. This Court, in *Baesler,* reversed the district court's judgment affirming Baesler's suspension of driving privileges because there was nothing in the record on appeal to establish the Department's jurisdiction. *Id.* at ¶ 17. This case is distinguishable from *Baesler,* because the transcript and record on appeal was filed with the district court. Not only was the record filed, it was filed before the date the district court told the parties the case would be reviewed, and it was filed prior to any hearing being scheduled.

[¶ 13] In *Rudolph,* the Department timely filed a partial transcript and later supplemented the transcript with four previously omitted pages. 539 N.W.2d at 65. We concluded that "[t]his Court has held a failure to furnish a complete administrative hearing transcript usually results in a remand until the transcript can be provided, not dismissal of the action. *Rudolph* has shown no ongoing pattern of incomplete transcripts being submitted by the Department to the district court." *Id.* at 67 (citation omitted) (citing *State v. Simpfenderfer,* 120 N.W.2d 595, 597 (N.D.1963) (stating that failure to furnish a complete administrative hearing transcript usually results in a remand until the transcript of the hearing can be provided *not* dismissal of the action)).

[¶ 14] This is, allegedly, the second instance since 2005 when the record of an administrative hearing was kept and the Department failed to timely submit the transcript. Bayles provided no evidentiary support of other instances where the Department failed to timely submit a transcript. Even if the administrative hearing decisions appealed to this Court are considered, Bayles has not shown a persistent pattern of improper agency conduct, nor is it a systemic disregard of the law. These are mere miscues at most. *See May,* 2005 ND 76, ¶ 17, 695 N.W.2d 196.

[¶ 15] We conclude Bayles failed to show the Department systemically disregarded the requirements of the law.

C

[¶ 16] Bayles argues he was prejudiced by the Department's delay in filing the hearing transcript. Specifically, Bayles argues because it took the Department 70 days to file the transcript, he served his entire ninety-one day suspension without opportunity for judicial review.

[¶ 17] Assuming, without deciding, that a statutory violation occurred, Section 39–20–06, N.D.C.C., does not describe a remedy for the Department's failure to submit the transcript within the twenty-day period. "When no statutory remedy is provided for a statutory violation, we look to whether the victim of the violation was prejudiced." *Johnson v. North Dakota Workers' Compensation Bureau*, 539 N.W.2d 295, 298 (N.D.1995); *see* Rule 61, N.D.R.Civ.P. (instructing courts to disregard errors which do not affect "substantial rights"). "Ordinarily, absent a showing of prejudice, a statutory violation is not reversible error." *Johnson*, 539 N.W.2d at 298. Rule 61, N.D.R.Civ.P., provides:

> Unless justice requires otherwise, no error in admitting or excluding evidence, or any other error by the court or a party, is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. *At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.*

(Emphasis added). "In most cases, the substantial rights of the defendant are affected if the error is prejudicial." *City of Mandan v. Baer*, 1998 ND 101, ¶ 19, 578 N.W.2d 559. "The error is prejudicial if it has affected the outcome of the district court proceedings." *Id.* (internal quotations omitted).

[¶ 18] Here, the burden of proof rests on Bayles to show he was prejudiced by the Department's alleged untimely filing. *See Baesler*, 2012 ND 39, ¶ 14, 812 N.W.2d 434. Bayles argues that serving his entire ninety-one-day suspension without opportunity for judicial review was prejudicial. Bayles cites no authority in support of his proposition, nor have we found any. The transcript was filed with the district court prior to the review date provided by the calendar control clerk and prior to the matter being noticed for hearing as required by N.D.C.C. § 39–20–06. Bayles fails to show how the alleged delay in filing the transcript delayed the proceedings in the district court.

[¶ 19] We conclude Bayles failed to show prejudice caused by the Department's alleged delay in filing the transcript.

III

[¶ 20] We do not address the Department's argument that it has demonstrated it filed the transcript within twenty days of receipt of Bayles' notice of appeal because it is unnecessary to our decision. We reverse the district court's judgment and remand with instructions for the district court to consider Bayles' appeal on the merits.

[¶ 21] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER.